### DETERMINED IN THE

# SUPREME COURT

## OF THE STATE OF NEW MEXICO

### JANUARY TERM, 1914

[No. 1559, January 10, 1914.]

CHARLES NOTESTINE, Appellee, v. W. B. ROGERS, Appellant.

#### SYLLABUS (BY THE COURT) .

An order in habeas corpus proceedings discharging petitioner is not appealable, in the absence of a statute granting such right.

P. 466

Appeal from the District Court of Chaves County; John T. McClure, District Judge; appeal dismissed.

O. O. ASKREN; J. C. GILBERT, Roswell, N. M., for appellee, on motion to dismiss.

The decision of the trial court in the habeas corpus case attempted to be appealed from is not of that final and conclusive character necessary to support a review by writ of error or appeal; and, that no right of appeal exists. 21 Cyc. 338, (11) and notes; Mead v. Metcalf, 25 Pac. 729; Ex parte White, 84 Pac. 242; State v. Ray, 105 Pac. 46; State v. Brownell, 50 N. W. 413; 9 Enc. Pl. & Pr. 1072, par. XVII and notes.

This court cannot pass upon the validity of the proceedings had in the trial court. Standard Enc. Pro., vol. 2, p. 138, par. 2 and notes 73-74; Enc. Pl. & Pr. 341, par. 4 and note.

Record fails to disclose that the said Rogers had, at the time of his attempted appeal, such an interest over the subject matter, or as a party to the habeas corpus proceeding which would entitle him to appeal from the decision of the trial court. 2 Standard Enc. Pro. 198-99 and 200, pars. 7 and 8 and notes; 2 Enc. Pl. & Pr. 341, par. 4.

D. W. ELLIOTT, Roswell, N. M., for appellant on motion to dismiss.

Right of appellant to appeal. Constitution of. N. M., art. VI, sec. 2; Laws 1907, ch. 57, sec. 1; Sutherland Code Pleading, vol. 2, sec. 2396, and cases; In re Borrego, 8 N. M. 657; Winnovich v. Emery, 93 Pac. 988; Garfinkle v. Sullivan, 80 Pac. 188; Ex parte Tom Tong, 108 U. S. 556; Ex rel. Durner v. Huegin, 85 N. W. 1046, et seq.

A proceeding in habeas corpus is a civil and not a criminal proceeding. Farnsworth v. Montana, 129 U. S. 104; Ex parte Tom Tong, 108 U. S. 556; Kurtz v. Moffitt, 115 U. S. 487; In re Foye, 21 Wash. 250, 57 Pac. 825; In re Baker, 21 Wash. 259, 57 Pac. 827; In re Sylvester, 21 Wash. 263, 57 Pac. 829; Meade v. Metcalf, 7 Utah 103, 25 Pac. 729; In re Plasby, 3 Utah, 183, 1 Pac. 252.

Finality of the judgment of the lower court. Honerine M. & M. Co. v. Tellerday Steel P. & T. Co., 30 Utah 449, 85 Pac. 626.

An appeal does not, of its own force, suspend the judgment in a habeas corpus proceeding. 21 Cyc. 338-41; State v. Kirkpatrick, 54 Ia. 373, 6 N. W. 588.

Many courts, where the right of appeal is expressly given by statute, deny the right of appeal from a mere refusal to grant the writ. But upon this question the courts differ. 21 Cyc. 340, notes 31, 32.

The assessment of costs against any person establishes the status of such person as a party to the action, and establishes his right to prosecute an appeal. 2 Cyc. 629, and cases cited; Ex rel. Durner v. Huegin, 85 N. W. 1046; Hayward v. Lombard, 9 How. 230, 13 L. Ed. 245;

7 Enc. Pl. & Pr. 856; Holmes v. Jennison, 14 Pet. 540, 10 L. Ed. 501.

Who is "party to a suit?"   C. L. 1897, sec. 2685, sub-sec. 5; 5 Enc. Pl. & Pr. 463.

Any person aggrieved by any final judgment or decision of any district court may, at his election, take an appeal or sue out a writ of error to the Supreme Court, etc." Const. (N. M.), art. VI, sec. 2; Laws 1907, ch. 57, sec. 1; In re Foye, 57 Pac. 826.

Judgment in habeas corpus proceeding is a final judgment and therefore subject to review upon appeal.   State v. Hill, 10 Minn. 63; Dirks p. State, f3 Tex. 227; Atwood v. Atwater, 51 N. W. 1073; Yudkin v. Gates, 22 Atl. 776; Henderson v. James, 39 N. E. 805; Ornilaus v. Ruis, 161 U. S. 502.

D. W. ELLIOTT, for appellant.

Repeals by implication are not favored, and where the last statute does not specifically repeal the old law, they will, if possible, be construed together.   Hagerman v. Meeks, 13 N. M. 576; Cortsey v. Terr, 7 N. M. 99; U. S. v. Greathouse, 166 U. S. 601; Wilmot v. Mudge, 103 U. S. 217; State v. Prouty, 84 N. W. 670; Laws of N. M., 1884, ch. 39, sec. 13; Laws of 1891; Laws 1909, ch. 117; Frost v. Weine, 157 U. S. 16; U. S. v. Healey, 160 U. S. 36; Railway Co. v. U. S., 127 U. S. 406; Bartlet v. King, 12 Mass. 537.

Power given to boards of trustees.   Laws 1891, ch. 32; Laws 1893, ch. 46; C. L. 1897, sec. 2470; Laws 1907, ch. 59; C. L. 1897, sec. 2402.

Court erred in holding that section 2470, of the Compiled Laws, was, by necessary implication, repealed and nullified by chapter 117 of the laws of 1909.   Ex parte Crow Dog, 109 U. S. 156; Murdock v. City of Memphis, 20 Wall. 590; Laws 1907, ch. 59; C. L. 1897, sec. 2402; Wood v. U. S., 16 Pet. 342; Daviess v. Fairborne, 3 How. 36; U. S. v. Tynen, 11 Wall. 88; State v. Stoll, 17 Wall. 427.

Court erred in holding that chapter 117, laws of 1909,

limited and restricted the exercise of the powers granted to municipalities.   Laws 1909, ch. 117; Laws 1891, ch. 32; C. L. 1897, secs. 2476-2492; Laws 1912, ch. 67.

Court erred in holding that the Town of Dexter did not have the power and authority to enact said Ordinance No. 18.   Const. N. M.; New Orleans v. Louisiana, 115 U. S. 650; Lake View v. Rosehill Cem. Co., 70 Ill. 191; In re Jacobs, 98 N. Y. 98; Town of Selma v. Brewer, 98 Pac. 61; Crowley v. Christensen, 137 U. S. 86; Edgar v. McDonald, 106 S. W. 1135; Murphy v. California, 32 Sup. Ct. 697; Words & Phrases, vol. 6, par. 5429; Wice v. Chicago & N. W. Ry. Co., 56 L. R. A. 268; St. Paul v. Haughbro, 2 A. & E. 580; Burlingame v. Thompson, 11 A. & E. 64; Booth v. Illinois, 184 U. S. 425; Johnson v. City of Great Falls, 16 A. & E. Ann. Cas. 974.

## OPINION OF THE COURT.

ROBERTS, C. J.—Appellee was arrested and held in custody by appellant, who was the Marshal of the village of Dexter, in Chaves County, New Mexico, under and by virtue of a warrant issued by a Justice of the Peace, filed with him against appellee, charging him with a violation of an ordinance of said village of Dexter.   Application was made to the Judge of the Fifth Judicial District for a writ of habeas corpus by appellee and, upon the hearing, he was discharged from the custody of the Marshal. From the order made the town Marshal prosecutes this appeal, which appellee has moved to dismiss, upon the ground that no appeal can be taken from an order made in habeas corpus proceeding, either discharging or remanding a petitioner.

The prevailing doctrine in the State courts of this country is thus stated in 9 Am. & Eng. Ency. Pl. & Pr. 1072:

'Independent of statutory provisions, the best doctrine appears to be that a decision in a habeas corpus case is not of that final and conclusive character necessary to support a review by writ of error, and that no right of appeal exists."

The text is supported by the great weight of authority as will be seen from an examination of the case notes appended to the following cases, reported in Am. & Eng. Ann. Cases, viz: Wisner v. Burrell, Ann. Cas. 1912 D, 356, Bleakley v. Smart, 11 Am. & Eng. Ann. Cas. 125, Cormack v. Marshall, 1 Am. & Eng. Ann. Cas. 256.

And see also an extensive case note to the case of Wisner v. Burrell, 34 L. R. A. (N. S.) 755. While the great weight of authority supports the text above quoted, some courts hold otherwise. The best reasoned case to the contrary which has been called to our attention is that of Winnovich v. Emery, 93 Pac. 988, but an examination of the cases cited by the Utah court in support of its holding will show that some, but not all, of the cases upon which it relies for support were based upon statutes granting the right of appeal.

In this State, the right of appeal in such cases, is not granted by statute, unless it is conferred by sec. 1, chapter 57, S. L. 1907, which reads as follows:

"Any person aggrieved by any final judgment or decision of any District Court in any civil cause may, at his election take an appeal or sue out a writ of error to the Supreme Court of the Territory at any time within one year from the date of the entry of the same."

Did the legislature intend that habeas corpus proceedings should be governed by the provisions of said chapter 57, supra? If so, then the speedy remedy which this great writ was designed to afford to a party unlawfully deprived of his liberty would not be available in this State. By section 16 of said chapter 57, the appellant may file a supersedeas bond, the amount of which in a case like this would be fixed by the Judge of the District Court, which would stay the execution of the judgment and prevent the discharge of the petitioner. By section 21 of said act, as amended by sec. 2, chap. 120, S. L. 1909, the appellant would have 130 days in which to perfect the appeal, and if the case followed the ordinary course it would probably be six months before the appeal could be heard, should appellant desire to delay the same. It will thus be seen that the Appellate Procedure Act makes no appropriate

provision for the review of habeas corpus proceedings. Elaborate and specific provisions governing the exercise of the right to the writ of habeas corpus are found in the Compiled Laws of 1897, (sections 2781 to 2817, inclusive) but no right of appeal is expressly or impliedly. granted by the act from which said sections were taken. (Chap. 1, S. L. 1884.) Under sec. 2783, the petitioner was authorized to apply for the writ to the Supreme or District Court, or to any Judge thereof, who was in the district where the prisoner was detained, or, if the Judge in such district had refused to grant the writ, then petitioner might apply to any Judge of any other district. In other words, he could exhaust the whole judicial power of the Territory, by repeated applications, until he secured his release. And, although he might be discharged, he could be again arrested and imprisoned upon the same charge, if "indicted therefor, convicted thereof, or committed for want of bail by some court of record having jurisdiction of the cause," etc. (Sec. 2808, C. L. 1897.) As was well said by the Criminal Court of Appeals of Oklahoma, in the case of Ex Parte Johnson, 98 Pac. 461:—

"Had it been intended to provide for appeals in HABEAS CORPUS, some appropriate provision would have been made. Its omission affords the best evidence to the contrary, and, if anything is wanting to remove all doubt, it will be found in the nature and object of this great writ as a constitutional right; its purpose being to afford a speedy remedy to a party unjustly accused of the commission of a crime without obstructing or delaying public justice, both of which objects would be defeated by the delays consequent upon an appeal. Any other rule would operate practically to subvert the constitutional safeguards and the fundamental rights of the citizen."

That the legislature could provide for appeals in such cases is not doubted, but until it does so, in clear and unequivocal language, and under suitable regulations which do not impair the constiutional provisions governing the right to the writ, the courts will deny such right.

For the reasons stated, the appeal will be dismissed, and it is so ordered.