**113 P.2d 582**

**In re FOREST.**

**No. 4586.**

Supreme Court of New Mexico.

May 16, 1941.

H. B. Hamilton, of Santa Rosa, for appellant.

Gail L. Ireland, Atty. Gen. of Colo., Robert L. Gee, Asst. Atty. Gen. of Colo., H. Lawrence Hinkley, Deputy Atty. Gen. of Colo., E. R. Cooper, Asst. Dist. Atty. of Las Vegas, and A. M. Fernandez, Asst. Atty. Gen., for appellee.

BRICE, Chief Justice.

The appellant (relator) was arrested by the sheriff of Guadalupe County, New Mexico, upon the telegraphic request of the appellee (respondent), sheriff of Gunnison County, Colorado, and was thereafter delivered by the sheriff of Guadalupe County to the appellee and held by him by virtue of a warrant issued by D. L. Gray, justice of the peace of Precinct No. 1, of Gunnison County, Colorado. Upon the application of appellant, a writ of habeas

corpus was issued by the Honorable Irwin S. Moise, district judge of the Fourth Judicial District of the State of New Mexico, commanding that the body of James Forest be brought before him at Las Vegas, New Mexico, "to do and receive what will then and there be considered concerning the said James Forest."

A return to the writ was duly filed by the sheriff of Guadalupe County, for whom was thereafter substituted the appellee, sheriff of Gunnison County, Colorado. It was alleged in the writ, in substance, that appellee telegraphed the sheriff of Guadalupe County that he held a warrant for the arrest of the appellant upon a charge of grand larceny. There was attached to the return a copy of a complaint filed in a cause pending before D. L. Gray, justice of the peace of Precinct No. 1 of Gunnison County, Colorado, charging appellant with said offense, and a copy of a warrant issued out of said cause, for his arrest upon said charge.

Upon hearing, the trial court discharged the writ, leaving appellant in the custody of appellee. From this order this appeal has been prosecuted.

While it is not raised by either of the parties, we are confronted at the threshold of the case, with a question of jurisdiction. Ch. 63, N.M.Sts.1929, provides for habeas corpus proceedings, but makes no provision for an appeal from an order of the district court either discharging or remanding the relator.

In holding that there was no appeal from an order of the district court in habeas corpus proceedings, and that the statutes authorizing appeals in civil cases did not apply, this court, in Notestine v. Rogers, 18 N.M. 462, 138 P. 207, 208, stated: "That the Legislature could provide for appeals in such cases is not doubted; but until it does so in clear and unequivocal language, and under suitable regulations which do not impair the constitutional provisions governing the right to the writ, the courts will deny such right."

By Chapter 77, N.M.L.1915, the legislature amended the appellate procedure act to provide for appeal from an order discharging one from custody, but not from an order remanding him. In regard to this act it was stated in Ex parte Nabors, 33 N.M. 324, 267 P. 58, 59: "It would be a one-sided system unless we held that the right of appeal from the order of discharge is offset by the right of one remanded to custody to apply to another judge having jurisdiction."

In the Nabors case an original application for a writ of habeas corpus was filed in this court and dismissed upon the ground that our concurrent jurisdiction with the district court in habeas corpus cases would not be exercised in the first instance, in the absence of controlling necessity. The relator then filed his petition in the district court of Valencia County, New Mexico, where he was held under an extradition warrant issued by the Governor of this state on requisition of the Governor of California, and upon hearing the district court discharged the writ and remanded

relator to the sheriff of Valencia county to be delivered to the agent of the State of California for return pursuant to the warrant of the Governor. A second petition was filed in this court, upon which we exercised our original jurisdiction.

It would appear that this court has no jurisdiction of this appeal unless it was granted by Chapter 197, N.M.L.1937, which is as follows: "In all special statutory proceedings which, by existing law are now or which may hereafter be authorized in any district court of this state, an appeal to the Supreme Court of New Mexico shall be allowed from the final judgment or determination of the district court in such proceeding, under such rules of procedure as the Supreme Court may adopt."

This court adopted paragraph 6 of Rule 5, on May 5, 1937, which is as follows: "Appeals under the authority of Laws 1937 C. 197, from final judgments in all special statutory proceedings, shall be allowed within the time and in the manner provided for appeals from final judgments in civil actions. * * *"

The "special statutory proceedings" contemplated by the statute and rule just quoted are statutory proceedings to enforce rights and remedies created by statute and which were unknown to the common law and equity practice of England prior to 1776 (Blanchard v. State ex rel. Wallace, 29 N.M. 584, 224 P. 1047; In re Morrow's Will, 41 N.M. 117, 64 P.2d 1300; Schmaling v. Johnston, 54 Nev. 293, 294, 13 P.2d 1111; Re Central Irrigation Dist., 117 Cal. 382, 49 P. 354; Harryman v. Bowlin, 153 Okl. 202, 4 P.2d 1011), the authority for which is conferred by legislative acts authorized by Sec. 13 of Art. 6 of the State Constitution, which is: "The district court shall have original jurisdiction in all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law * * *."

It is provided by Sec. 7 of Art. 2 of the Constitution of the State of New México that "The privilege of the writ of habeas corpus shall never be suspended, unless, in case of rebellion or invasion, the public safety requires it," and the power to issue these writs is provided for and preserved by section 3 and section 13 of Art. 6 of the New Mexico Constitution, as follows:

(3) "* * * Each justice [of the Supreme Court] shall have power to issue writs of habeas corpus upon petition by or on behalf of a person held in actual custody, and to make such writs returnable before himself or before the supreme court, or before any of the district courts or any judge thereof."

(13) "* * * The district courts, or any judge thereof, shall have power to issue writs of habeas corpus * * * and all other writs, remedial or otherwise in the exercise of their jurisdiction * * *."

The legislature may add to the efficacy of the writ as known to the common law and English statutes in force at the time of the separation of the Colonies from Great Britain, as it has done in this state, but it cannot curtail such rights.

"\* \* \* This writ cannot be abrogated, or its efficiency curtailed, by legislative action. Cases within the relief afforded by it at common law cannot, until the people voluntarily surrender the right to this, the greatest of all writs, by an amendment of the organic law, be placed beyond its reach and remedial action. The privilege of the writ cannot even be temporarily suspended, except for the safety of the State, in cases of rebellion or invasion. (Const. art. 1, § 4.)

"The remedy against illegal imprisonment afforded by this writ, as it was known and used at common law, is placed beyond the pale of legislative discretion, except that it may be suspended when public safety requires, in either of the two emergencies named in the Constitution." People ex rel. Tweed v. Liscomb, 60 N.Y. 559, 19 Am. Rep. 211. See In re Thompson, Court of Chancery, 85 N.J.Eq. 221, 96 A. 102.

A habeas corpus proceeding is a suit, Ex parte Milligan, 4 Wall. 2, 18 L. Ed. 281. The right antedated the Magna Charta. It was put into statutory form substantially as adopted in this country by the Habeas Corpus Act of the 31st of Charles II, and became a part of the laws of the Territory with the adoption of the common law as the rule of practice and decision.

It is not a special statutory proceeding, as contemplated by the Act of 1937, supra, and therefore no provision has been made for an appeal from the decision of the district court. It seems to the writer that the remedy is much more efficacious from the standpoint of the relator than it would be if provision had been made for appeal. In case of remand, an original action could be instituted in this court, and a hearing had without the delays incident to an appeal. The district court could protect the relator against an immediate removal from the state in extradition cases, by a proper court order, thereby giving time to file an original petition in this court. Ex parte Nabors, supra.

We reiterate the statement of Chief Justice Roberts in Notestine v. Rogers, supra: "That the Legislature could provide for appeals in such cases is not doubted; but until it does so in clear and unequivocal language, and under suitable regulations which do not impair the constitutional provisions governing the right to the writ, the courts will deny such right."

The appeal will be dismissed, and it is so ordered.

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.