632 P.2d 1191

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Anthony J. CRESPIN,**
**Defendant-Appellant.**

**No. 5230.**

Court of Appeals of New Mexico.

July 23, 1981.

John L. Walker, Teel & Walker, P. A., Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

This proceeding involves appeal procedures, to the district court and to this Court, when the underlying charge was brought in the metropolitan court.

Defendant was charged in metropolitan court with violating an ordinance of the City of Albuquerque. See § 34–8A–3, N.M. S.A. 1978 (1980 Cum.Supp.). The metropolitan court found the ordinance unconstitutional and dismissed the charge; an appeal was taken to the district court. The district court held that the ordinance was constitutional and remanded the case to the metropolitan court for trial.

The merits of the constitutional claim are not involved in this proceeding. Defendant seeks to appeal to this Court from the district court order reinstating the metropolitan court charge. This Court proposed summary dismissal, see R.Crim.App.Proc. 207(d), "for lack of an appealable final order."

1. Defendant claims there is no authority to appeal to the district court from the dismissal by the metropolitan court. The Supreme Court has adopted Rules of Procedure for the Metropolitan Courts. See § 34–8A–6, N.M.S.A. (Cum.Supp.1980). Rule 71(b), N.M.R.Proc.Met.Cts., provides:

> The municipality, county or state may appeal to the district court of the county within which the metropolitan court is located within fifteen days after entry of the judgment of the metropolitan court dismissing the complaint on the basis that an ordinance, statute or section thereof is invalid or unconstitutional, or that the complaint or a part thereof is not otherwise legally sufficient.

Defendant contends this rule has no effect; this contention is based on the view that the State would have had no right to appeal from a dismissal of a complaint in magistrate court and, thus, there is no right

to appeal from a similar dismissal in metropolitan court. Defendant correctly points out that neither statute nor rule specifically authorizes an appeal by the State if the dismissal in this case had been in magistrate court. See R.Crim.Proc., Magis.Cts., Nos. 33 and 41; § 35–13–1, N.M.S.A. 1978. However, for the metropolitan court, an appeal is specifically authorized by rule. Accordingly, we do not consider § 34–8A–6(C), supra, which states: "Any person aggrieved by any judgment rendered by the metropolitan court may appeal to the district court".

Defendant claims the right to appeal provision applicable to a magistrate court dismissal governs when there has been a dismissal by the metropolitan court. He relies on § 34–8A–2, N.M.S.A. 1978 (1980 Cum. Supp.), which reads:

With respect to the provisions of Sections 1 and 26 of Article 6 of the state constitution and all other provisions of law, the metropolitan court shall constitute a state magistrate court which is inferior to the district courts and is established by law pursuant to the provisions of Section 1 of Article 6 of the state constitution.

■■ Neither this statute nor the constitutional provisions referred to in the statute have the effect of making appeal provisions for magistrate courts applicable to metropolitan court appeals. N.M.Const., art. VI, § 1, states where the judicial power is vested; N.M.Const., art. VI, § 26, provides for the establishment of magistrate courts. Section 34–8A–2 simply classifies the metropolitan court, for constitutional purposes, as a magistrate court inferior to the district courts.

■ This Court is to give effect to rules adopted by the Supreme Court. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973). Rule 71(b), N.M.R.Proc.Met.Cts., authorized the appeal to the district court in this case. Neither defendant's argument nor the authority relied on by defendant suggests a valid reason for not giving effect to the rule.

■ 2. Inasmuch as the prosecutor had a right to appeal to the district court, defendant contends he has an "equal right" to appeal the district court's decision to this Court. He relies on Part I of *State v. Santillanes,* 96 N.M. 482, 632 P.2d 359 (1980) (St.B.Bull. Vol. 20 at 163), which held the State had a right to appeal under N.M. Const., art. VI, § 2. See *State v. Santillanes,* 96 N.M. 477, 632 P.2d 354 (1981) (St.B.Bull. Vol. 20 at 712), and *State v. Aguilar,* 95 N.M. 578, 624 P.2d 520 (1981). Defendant contends he is an aggrieved party and not to allow him to appeal the district court's decision would result in a "double standard to appeals". We disagree.

Defendant has a right to appeal. See *State v. Santillanes.* Section 39–3–3(A), N.M.S.A. 1978, states the circumstances when he may either appeal or seek an interlocutory appeal. None of those circumstances appear in this case. Defendant does not claim that final judgment has been entered; conditions of release are not involved; defendant did not seek an interlocutory appeal. No "double standard" is involved; defendant has a right to appeal when final judgment has been entered; that has not yet occurred. See *State v. Garcia,* 91 N.M. 131, 571 P.2d 123 (Ct.App. 1977).

The appeal is dismissed.

IT IS SO ORDERED.

HERNANDEZ, C. J., and HENDLEY, J., concur.