680 P.2d 613
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**David GARCIA, Defendant-Appellant.**

**No. 7343.**

Court of Appeals of New Mexico.

Jan. 26, 1984.
Certiorari Quashed April 26, 1984.

Paul Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Anthony F. Avallone, Law Systems of Las Cruces, P.A., Las Cruces, Albert J. Rivera, Albert J. Rivera, P.A., Alamogordo, for defendant-appellant.

## OPINION

HENDLEY, Judge.

Defendant appeals the district court's denial of his motions filed pursuant to NMSA 1978, Crim.P.R. 57 (Repl.Pamp.1980). The cause was originally assigned to a summary calendar with dismissal proposed because Rule 57(a) provides that "[t]he order of the district court on a motion under this rule is final and not subject to appeal." Subsequently, the case was reassigned to a legal calendar with instructions to brief the following issues: whether Rule 57 1) un-

constitutionally denies defendant his right to an appeal pursuant to N.M. Const. art. VI, § 2; and 2) denies defendant his rights under NMSA 1978, § 31–11–6.

Defendant was charged with thirty-five counts of criminal sexual contact of a minor, indecent exposure, contributing to the delinquency of a minor, and criminal sexual penetration. Subsequently, defendant entered into a plea and disposition agreement whereby he agreed to plead no contest to three counts of contributing to the delinquency of a minor. The other charges against him were dismissed with prejudice. A judgment of guilty was entered on all three counts and sentence was entered.

This is the fourth appeal of this matter. The first two appeals were dismissed as premature. *State v. Garcia,* Ct.App. No. 5572 (filed February 25, 1982); *State v. Garcia,* 99 N.M. 466, 659 P.2d 918 (Ct.App. 1983). An appeal on the merits resulted in a memorandum opinion affirming defendant's conviction. *State v. Garcia,* 100 N.M. 120, 666 P.2d 1267 (App.1983). In this current appeal defendant filed a motion to amend his docketing statement to add the issue of ineffective assistance of counsel. This motion is being held in abeyance pending a determination of the issue of the appealability of defendant's Rule 57 motion. The motion is denied for the reasons hereinafter stated. We discuss the constitutionality of Rule 57, its relationship to Section 31–11–6, and *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973).

### Constitutionality of Rule 57

A brief history is necessary. Article VI, Section 2, provides that:

Appeals from a judgment of the district court imposing a sentence of death or life imprisonment shall be taken directly to the supreme court. In all other cases, criminal and civil, the supreme court shall exercise appellate jurisdiction as may be provided by law; provided that an aggrieved party shall have an absolute right to one appeal.

This section, providing an absolute right to one appeal, was added by constitutional

amendment, effective September 28, 1965. Rule 57 was adopted by the Supreme Court on June 24, 1975, and applied to motions filed on or after September 1, 1975. Rule 57, relating to post-conviction motions, provides that the district court's order on such a motion is final and not subject to appeal.

The drafters of Rule 57 recognized that an aggrieved party has an absolute right to one appeal but stated that "[t]his motion is only a further step in the criminal action at the district court level and has no effect on the defendant's constitutional right to a direct appeal after conviction." Committee commentary, Rule 57.

The current case is distinguishable from *State v. Watson*, 82 N.M. 769, 487 P.2d 197 (Ct.App.1971), cited by defendant. There, Supreme Court Rule 5(2), NMSA 1953, § 21–2–1(5) (Repl.Vol. 4), barring an appeal from a conviction for criminal contempt committed in the presence of the court, was held to be superseded by the 1965 amendment to Article VI, Section 2. However, Supreme Court Rule 5(2) was adopted prior to the amendment of Article VI, Section 2. The amendment to Article VI, Section 2, had been in effect for almost a decade prior to the adoption of Rule 57.

This Court has recognized that Rule 57 motions are not appealable. *State v. McGuinty*, 97 N.M. 360, 639 P.2d 1214 (Ct.App.1982).

Defendant in this case did appeal his conviction on the merits. Because defendant has had a right to appeal his conviction, he has not been denied his right to appeal provided by Article VI, Section 2.

**Section 31–11–6**

Section 31–11–6 provides that a prisoner in custody under sentence of a court established by the laws of New Mexico who claims the right to be released upon certain specified grounds may move the court which imposed the sentence to vacate, set aside or correct the sentence. An appeal may be taken from an order entered on such a motion as from a final judgment in the manner and within the time provided in Section 21–2–1(5). Section 31–11–6(E). This statutory reference is to an appellate

rule that was either superseded or repealed by appellate rules adopted in 1974. *See* Supreme Court Order dated January 2, 1974, adopting appellate rules effective April 1, 1974. The appellate rules were again changed effective September 1, 1975, at which time separate appellate rules for civil and criminal cases went into effect. These rule changes raise a question as to whether Section 31–11–6(E) continued in effect after September 1, 1975, but we need not answer that question in this appeal.

Defendant argues that the right to appeal is a substantive right which is within the province of the Legislature. Therefore, he contends that Section 31–11–6 controls when Rule 57 and the statute are in conflict. He asserts a conflict exists as to the right to appeal from a denial of post-conviction relief. For the purpose of this appeal we proceed on the assumption that a conflict exists.

While the creation of a right to appeal is substantive, restrictions on the time and place of exercising this right are procedural and within the Supreme Court's rule-making power. *Olguin v. State*, 90 N.M. 303, 563 P.2d 97 (1977); *State v. Arnold*, 51 N.M. 311, 183 P.2d 845 (1947); *Durand v. New Mexico Commission on Alcoholism*, 89 N.M. 434, 553 P.2d 714 (Ct.App. 1976).

The inherent power to prescribe rules and regulate pleadings, practice and procedure in all courts of this state is vested in the Supreme Court under N.M. Const. art. III, § 1, and N.M. Const. art. VI, § 3. *State ex rel. Anaya v. McBride*, 88 N.M. 244, 539 P.2d 1006 (1975); *State v. Roy*, 40 N.M. 397, 60 P.2d 646 (1936). Rule 57 governs procedure in the district courts on post-conviction motions. It is a rule of procedure and, therefore, is within the power of the Supreme Court to promulgate. Defendant's motion for relief in the trial court was filed pursuant to Rule 57, which does not provide for an appeal. Thus, any right to appeal depends upon Section 31–11–6(E).

This power to prescribe and regulate pleadings, practice and procedure in all

courts in New Mexico, including lower courts, is exclusive to the Supreme Court. The Legislature lacks the power to regulate in this area. *In re Motion for a Subpoena Duces Tecum, Etc.*, 94 N.M. 1, 606 P.2d 539 (1980). Statutes purporting to regulate practice and procedure in the courts are not binding. *State ex rel. Anaya v. McBride.*

 If Section 31–11–6 purports to regulate practice and procedure, it is not binding and conferred no right upon defendant. That this statute is a procedural statute is clear from its wording. It purports to provide for post-conviction relief. Post-trial mechanisms designed to accomplish a just determination of rights and duties granted by substantive law are procedural mechanisms. *Ammerman v. Hubbard Broadcasting, Inc.*, 89 N.M. 307, 551 P.2d 1354 (1976). Section 31–11–6 provides for a post-trial mechanism. This statute, although not binding on the courts, was to be "given effect until there was a conflict between the statute and a rule adopted by the Supreme Court." *State v. Herrera*, 92 N.M. 7, 582 P.2d 384 (Ct.App.1978).

 When enacted in 1966, Section 31–11–6 was practically identical with former Civ.P.R. 93, which was a Supreme Court rule providing for post-conviction relief. Rule 93, which was adopted November 9, 1965, was effective after December 31, 1965. *See* NMSA 1953, § 21–1–1(93) (Repl. Vol. 4). This history shows a legislative attempt to regulate procedure already regulated by Supreme Court rule.

No problems arose as to this attempted legislative regulation of procedure while Rule 93 remained in effect because Rule 93 and Section 31–11–6 were almost identical. Rule 93, however, was superseded upon the adoption of Rule 57, effective September 1, 1975. Since that date the statute was not effective to provide a post-conviction remedy to the extent it conflicted with Rule 57. The assumed conflict here, the right to appeal, is dependent on the underlying district court procedure. That statutory procedure, not operative when in conflict with Rule 57, provides no basis for an appeal based on the non-operative procedure.

Section 31–11–6 does not provide an independent right to appeal. There being no right to appeal under Rule 57, no appeal may be taken from the trial court's denial of the post-conviction motion.

### Alexander v. Delgado

 Considering the issues defendant was instructed to brief, it should be noted that *Alexander v. Delgado* precludes any attempt by this Court to consider an appeal from an order on a Rule 57 motion. *Alexander v. Delgado; State v. Scott*, 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977). This Court has held that it must give effect to rules adopted by the Supreme Court. *State v. Crespin*, 96 N.M. 553, 632 P.2d 1191 (Ct.App.1981). The clear language of Rule 57(a) states that orders of the district court on a motion under the rule are not appealable. *See State v. McGuinty.* This Court does not have the power to change a rule promulgated by the Supreme Court. *Tafoya v. S & S Plumbing Co.*, 97 N.M. 249, 638 P.2d 1094 (Ct.App.1981).

For the foregoing reasons, defendant has no right of appeal under the facts of this case.

The appeal is dismissed.

**IT IS SO ORDERED.**

WOOD and NEAL, JJ., concur.