2007-NMSC-048

168 P.3d 1080

**Kenneth Michael CUMMINGS, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 30,259.**

Supreme Court of New Mexico.

Aug. 28, 2007.

Law Office of C.J. McElhinney, C.J. McElhinney, Las Cruces, NM, for Petitioner.

Gary King, Attorney General, Andrew S. Montgomery, Assistant Attorney General, Santa Fe, NM, for Respondent.

Nancy M. Hewitt, Santa Fe, NM, for Amicus Curiae New Mexico Public Defender Department.

## OPINION

CHAVEZ, Chief Justice.

{1} We use this case to clarify our jurisdiction over a district court's denial of a petition for a writ of habeas corpus. We conclude that allowing a petitioner to seek a writ of certiorari from this Court in such circumstances is a proper exercise of our original jurisdiction over habeas matters. As for the merits of the case, we deny Petitioner Kenneth Cummings a writ of habeas corpus because his ineffective assistance of counsel claim has no merit, and because the writ may not be used to restore a person's right to vote.

## I. BACKGROUND

{2} While living in El Paso, Texas, Cummings used the internet to send images of his genitals to a child located in Doña Ana County, New Mexico-or so he believed. The "child" was actually an undercover officer. Cummings pled guilty to six counts of attempting to contribute to the delinquency of a minor and six counts of attempted child luring. Although the actual crimes of contributing to the delinquency of a minor and child luring are fourth-degree felonies, NMSA 1978, §§ 30–6–3 (1990), 30–37–3.2(B) (1998, prior to 2005 amendment), attempting to commit a fourth-degree felony is a misdemeanor. NMSA 1978, § 30–28–1(D) (1963).

Having been convicted of twelve misdemeanors, the trial court sentenced Cummings to twelve consecutive sentences of 364 days. Pursuant to his plea agreement, Cummings did not appeal his convictions.

{3} Cummings later sought a writ of habeas corpus in the district court in which he was convicted. Cummings alleged: (1) his defense counsel was ineffective for failing to raise two defenses, and (2) he was erroneously deprived the right to vote despite the fact that he was not convicted of a felony. The district court summarily dismissed the petition without a hearing. The district court concluded that Cummings could not show that his attorney's performance fell below the standard of reasonable competence, or that he was prejudiced by his attorney's acts or omissions, because the defenses Cummings claimed his trial attorney should have raised were without merit. Regarding the right to vote issue, the district court concluded that it did not have jurisdiction to hear Cummings's claim because there was no showing that Cummings had exhausted his administrative remedies. See NMSA 1978, § 33–2–11(B) (1990) (providing that no court has jurisdiction over any claim "that is substantially related to the inmate's incarceration" unless the inmate first "exhausts the corrections department's internal grievance procedure").

{4} Cummings sought a writ of certiorari from this Court pursuant to Rule 5–802(H)(2) NMRA and Rule 12–501 NMRA. In response, the State suggests that the Court of Appeals has appellate jurisdiction over this case. The State asserts that, although the New Mexico Constitution vests us with original jurisdiction to issue writs of habeas corpus, we lack authority to review the district court's denial of Cummings's habeas petition. Instead, the State contends that two statutes apparently vest the Court of Appeals with appellate jurisdiction over this case. See NMSA 1978, §§ 31–11–6 (1966) (providing for a "post-conviction remedy"); 34–5–8(A)(4) (1983) (providing that the Court of Appeals has appellate jurisdiction over "postconviction remedy proceedings, except where the sentence involved is death or life imprisonment").

## II. DISCUSSION

### A. Even Though a Habeas Petitioner May Not Directly Appeal a District Court's Adverse Ruling, Such a Petitioner May Seek Review in This Court by Writ of Certiorari

■ {5} The writ of habeas corpus, a creature of common law dating back to at least the Magna Carta, became part of New Mexico law when the Territory adopted the common law. *In re Forest*, 45 N.M. 204, 208, 113 P.2d 582, 584 (1941). Well before statehood, with little modification since, our territorial legislature enacted statutes pertaining to the writ. NMSA 1978, §§ 44–1–1 to –38 (1963). The New Mexico Constitution provides that this Court has concurrent jurisdiction with district courts to entertain petitions for writs of habeas corpus. N.M. Const. art. VI, §§ 3, 13. An analysis of early case law reveals that we have properly used our original jurisdiction over habeas corpus petitions to give a petitioner the functional equivalent of an appeal from a denial of the writ in district court.

{6} At the beginning of statehood, a district court's ruling on a petition for habeas corpus was final in all respects. In *Notestine v. Rogers*, the State appealed the district court's grant of the writ and discharge of the petitioner from custody. 18 N.M. 462, 465, 138 P. 207, 207 (1914). Concerned that allowing the State to appeal such cases would deny a petitioner the speedy remedy afforded by habeas corpus, and due to the fact that the Legislature had not explicitly authorized appeals in habeas corpus actions, we dismissed the State's appeal. *Id.* at 466–67, 138 P. at 207–08. In conclusion, we stated: "That the legislature could provide for appeals in such cases is not doubted, but until it does so, in clear and unequivocal language, and under suitable regulations which do not impair the constitutional provisions governing the right to the writ, the courts will deny such right." *Id.* at 467, 138 P. at 208.

{7} One year later, the Legislature responded by enacting a law allowing the State to appeal a district court's granting of the writ. 1915 N.M. Laws ch. 77, § 1, at 113–14. Presumably in order to ensure a petitioner's

speedy right to the writ as emphasized in *Notestine,* the new law provided that the State's appeal would not stay the discharge-rather, the petitioner would be released from custody, and if the district court's order was reversed on appeal the petitioner would have to be rearrested. *Id.* at 114. As discussed below, this law is now codified with amendments at NMSA 1978, § 39–3–15 (1966).

{8} Several years later in *Ex parte Nabors,* we tackled the other side of the coin, that is, how a habeas corpus petitioner may obtain review of an adverse ruling in district court. 33 N.M. 324, 267 P. 58 (1928). In that case, Nabors originally sought a writ of habeas corpus in this Court and we denied the request because Nabors had not first petitioned the district court. *Id.* at 325, 267 P. at 59. After filing in district court, the court denied Nabors relief. *Id.* Nabors then returned to this Court and we exercised our original jurisdiction to hear the case. *See id.* The State contended that, because nothing had changed in the interim, we should defer to the district court's ruling. *Id.* After discussing *Notestine* and the legislation resulting from that case, we rejected the State's argument: "It would be a one-sided system unless we hold that the right of appeal from the order of discharge is offset by the right of one remanded to custody to apply *to another judge having [concurrent] jurisdiction.*" *Id.* at 326, 267 P. at 59 (emphasis added). Thus, notwithstanding the fact that a petitioner does not have a statutory right to appeal the denial of a habeas corpus petition, it has been the case for nearly 100 years that a petitioner has the right to seek relief in this Court after being denied relief in district court because we, too, have original jurisdiction over habeas actions. This principle is sound and we see no reason to stray from our precedent established in *Nabors.*

{9} The State argues that by employing a writ of certiorari in habeas cases, we are wrongly exercising our *appellate* jurisdiction, not our original jurisdiction. This is a distinction without a difference. In exercising our original jurisdiction to issue writs of habeas corpus, holding another hearing in this Court for fact-finding purposes would be redundant and impracticable, if not impossible.

Thus, historically we have simply obtained the district court's record by issuing a writ of certiorari so that we may exercise our original jurisdiction by reviewing the ruling of the district court. This is perfectly acceptable given that our Constitution provides that we may issue writs of certiorari "for the complete exercise of [our] jurisdiction." N.M. Const. art. VI, § 3. That this results in what would ordinarily look like the discretionary exercise of our appellate jurisdiction does not matter.

### B. Sections 31–11–6 and 34–5–8(A)(4) Do Not Govern Petitions for Writs of Habeas Corpus

{10} The State is in the odd position of asserting that, by enacting Sections 31–11–6 and 34–5–8(A)(4), the Legislature has provided a habeas petitioner with the same right of appeal that it enjoys, and that an appeal from the district court's denial of a habeas petition in cases not involving a sentence of life imprisonment or death is heard in the Court of Appeals. On the contrary, those two statutes say nothing about petitions for writs of habeas corpus-thus, it is apparent to us the Legislature has not clearly and unequivocally given habeas petitioners the right of appeal *at all. See Notestine,* 18 N.M. at 467, 138 P. at 208 (declining to allow the State an appeal from the district court's grant of the writ because the Legislature had not done so "in clear and unequivocal language").

### 1. A "Post–Conviction Remedy" Is Distinct from a Writ of Habeas Corpus

{11} Section 31–11–6, titled "Post-conviction remedy," was enacted and became immediately effective on March 1, 1966. 1966 N.M. Laws ch. 29, § 1, at 135–36. The statute, for all practical purposes, mimicked verbatim our then Rule 93 of Civil Procedure, which had become effective two months prior. The rule allowed a prisoner to motion the court that imposed his or her sentence to "vacate, set aside or correct the sentence" on the grounds

> that the sentence was imposed in violation of the Constitution of the United States, or of the Constitution or laws of New Mexico, or that the court was without jurisdiction

to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

NMSA 1953, § 21–1–1(93); § 31–11–6.

{12} Notwithstanding the fact that the remedy provided for by former Rule 93 overlapped significantly with that of a writ of habeas corpus, *see Smith v. State*, 79 N.M. 450, 452, 444 P.2d 961, 963 (1968), it is clear the two were distinct. First, the denial of a prisoner's Rule 93 motion could be appealed directly to this Court, whereas the denial of a petition for a writ of habeas corpus could not. *See* NMSA 1953, § 21–1–1(93)(e); § 31–11–6(E). Second, Rule 93 itself explicitly stated that a prisoner applying for a writ of habeas corpus first had to exhaust his or her remedies under the Rule before seeking the writ. NMSA 1953, § 21–1–1(93)(f); *see* § 31–11–6(F). Since Section 31–11–6 mimics former Rule 93, a "post-conviction remedy" under Section 31–11–6 is as equally distinct from a writ of habeas corpus. This is not a new insight. *See* Thomas A. Donnelly & William T. MacPherson, *Habeas Corpus in New Mexico*, 11 N.M. L.Rev. 291, 300 (1981) (stating that neither Section 31–11–6 nor Rule 93 "attempt[ed] to replace the writ of habeas corpus"). Thus, since a motion pursuant to Section 31–11–6 is distinct from a petition for a writ of habeas corpus, and since Cummings is seeking a writ of habeas corpus, Section 31–11–6 is irrelevant to this case.

2. **Section 34–5–8(A)(4), Which Pertains to Appeals from "Post–Conviction Remedy Proceedings," Does Not Give a Habeas Petitioner the Right of Direct Appeal to the Court of Appeals**

■ {13} Also enacted with immediate effect on March 1, 1966 were two statutes concerning appellate jurisdiction. First was the general statute providing for the newly-created Court of Appeals's appellate jurisdiction. 1966 N.M. Laws ch. 28, § 8, at 106 (codified as amended at § 34–5–8). As enacted, the statute made no mention of habeas petitions or post-conviction remedy motions. One year later, the Legislature amended the statute, giving the Court of Appeals appellate

jurisdiction over "post conviction remedy proceedings except where the sentence involved is death or life imprisonment." 1967 N.M. Laws ch. 24, § 1(D), at 287–88 (codified as amended at § 34–5–8(A)(4)). As just discussed, however, a post-conviction remedy proceeding is not the same as a habeas corpus proceeding, so Section 34–5–8(A)(4) is as equally irrelevant to this case as Section 31–11–6.

{14} Second was Section 39–3–15. This statute-titled "Appeals; contempt and habeas corpus"—was an amendment to the 1915 law allowing the State to appeal the district court's granting of a writ of habeas corpus. 1966 N.M. Laws ch. 28, § 43, at 124–25 (codified at NMSA 1978, § 39–3–15 (1966)). The amendment provided that instead of the State's appeal going directly to this Court, the State's appeal is to now go "to the supreme court or the court of appeals, as appellate jurisdiction may be vested by law in these courts." § 39–3–15(B); *cf. State v. Smallwood*, 2007–NMSC–005, ¶¶ 9–11, 141 N.M. 178, 152 P.3d 821 (holding that a statute providing for interlocutory appeals to be heard in the court where "appellate jurisdiction may be vested by law" means that this Court has appellate jurisdiction over interlocutory appeals in cases where the sentence of life imprisonment or death may be imposed).

{15} In sum: (1) Section 31–11–6, on its face, distinguishes between a post-conviction remedy and a writ of habeas corpus and provides that either party may appeal post-conviction remedy motions; (2) Section 34–5–8(A)(4) provides that the Court of Appeals has jurisdiction over appeals in "postconviction remedy proceedings" in cases not involving life imprisonment or death; (3) Section 39–3–15(B), a statute specifically pertaining to appeals in habeas cases, provides that the State, and only the State, has the right to appeal a district court's ruling on a habeas corpus petition, and that the appeal is to go to this Court or the Court of Appeals, depending on where appellate jurisdiction is vested. Since Cummings is seeking a writ of habeas corpus and not a "post-conviction remedy," we reject the idea that Cummings should have directly appealed this case to the Court of Appeals.

### 3. Cummings Was Not Required to File a "Post–Conviction Remedy Motion" Before Seeking a Writ of Habeas Corpus

{16} Although not explicitly raised by the State, we think it helpful to clarify what exactly a "post-conviction remedy" is, and whether Cummings was required to pursue one before seeking a writ of habeas corpus. Since Section 31–11–6 mimicked our former Rule 93 when enacted, there was no conflict between the two while Rule 93 remained in effect. Nearly a decade after Rule 93 and Section 31–11–6 first went into effect, however, we adopted Rule 57 of Criminal Procedure, which superseded Rule 93. *See* NMSA 1953, § 41–23–57 note (Supp.1975) (Effective Date). Although Rule 57 retained the requirement that a prisoner first pursue a motion for a post-conviction remedy before seeking a writ of habeas corpus, NMSA 1953, § 41–23–57(j), Rule 57 conflicted with Section 31–11–6 because Rule 57 declared that "[t]he order of the district court on a motion under this rule is final and not subject to appeal." NMSA 1953, § 41–23–57(a).

{17} This conflict was addressed by the Court of Appeals in *State v. Garcia*, 101 N.M. 232, 680 P.2d 613 (Ct.App.1984). In *Garcia*, the defendant challenged Rule 57's no appeal clause on the grounds that, *inter alia*, it denied him his statutory right of appeal. *Id.* at 233, 680 P.2d at 614. The court resolved the defendant's assertion by characterizing Section 31–11–6 as "procedural." The court began by noting that "[w]hile the creation of a right to appeal is substantive, restrictions on the time and place of exercising this right are procedural and within the Supreme Court's rule-making power." *Id.* at 234, 680 P.2d at 615. *Garcia's* rationale is thus: "That this statute is a procedural statute is clear from its wording. It purports to provide for post-conviction relief. Post-trial mechanisms designed to accomplish a just determination of rights and duties granted by substantive law are procedural mechanisms." *Id.* at 235, 680 P.2d at 616 (citing *Ammerman v. Hubbard Broad., Inc.*, 89 N.M. 307, 551 P.2d 1354 (1976)). The court went on to note that Section 31–11–6 was enacted soon after Rule 93 and,

thus, according to the court, "[t]his history shows a legislative attempt to regulate procedure already regulated by Supreme Court rule." *Id.* In conclusion, the court held that because Rule 57 superseded Rule 93, and because Rule 93 was virtually identical to Section 31–11–6, "the statute was not effective [after September 1, 1975] to provide a post-conviction remedy to the extent it conflicted with Rule 57." *Id.*

{18} Shortly after *Garcia*, we replaced Rule 57 with Rule 5–802 as part of a recodification of our rules. Rule 5–802 did away with the general concept of a "post-conviction remedy"—it is titled "habeas corpus" and it simply governs the procedure for a habeas petitioner to exercise his or her long-established constitutional right to petition this Court for the Great Writ.

{19} Four years after our promulgation of Rule 5–802, the Court of Appeals published *State v. Peppers*, 110 N.M. 393, 796 P.2d 614 (Ct.App.1990). In that case, the court noted that it had earlier held in *Garcia* that Rule 57 had superseded Section 31–11–6, "because Section 31–11–6 is a statute governing procedure" and that it did not believe the promulgation of Rule 5–802 had "revived" the statute. *Id.* at 396, 796 P.2d 614, 796 P.2d at 617. Thus, according to the court, Rule 5–802 "preempted" Section 31–11–6. *Id.* at 395–96, 796 P.2d at 616–17. At the same time, *Peppers* held that two other post-conviction motions-a motion for a new trial and a motion for modification of a sentence-were not preempted by Rule 5–802. *Id.* at 395, 796 P.2d at 616; *See* Rule 5–614 NMRA (new trial); Rule 5–801 NMRA (modification of sentence).

{20} We believe *Garcia's* holding that Section 31–11–6 is without force is correct to the extent that Section 31–11–6 is construed as providing a remedy commensurate with that of habeas corpus. First, requiring a prisoner to pursue a motion for post-conviction relief before seeking a writ of habeas corpus would improperly interfere with our authority to regulate the manner in which we exercise our original jurisdiction over such writs. Second, providing a prisoner with the right of an appeal from the denial of a post-conviction motion when the exact same relief could be

obtained directly by a writ of habeas corpus would contravene Section 39–3–15(B), a more specific statute dealing with appeals in habeas cases *See Compton v. Lytle,* 2003–NMSC–031 ¶ 16, 134 N.M. 586, 81 P.3d 39 ("[W]here two statutes conflict, the specific governs over the general.").

{21} Regarding *Peppers,* we agree with that case that Rule 5–802 did not preempt the rules pertaining to a motion for a new trial and for a modification of a sentence, and that such motions are post-conviction motions for relief. Thus, at the risk of stating the obvious, a defendant has the statutory right to directly appeal such motions to the Court of Appeals in cases not involving the sentence of death or life imprisonment. § 34–5–8(A)(4). We also agree with *Peppers* that Rule 5–802 trumps Section 31–11–6 to the extent that statute is construed as providing a remedy identical to that which can be obtained by writ of habeas corpus. *See Peppers,* 110 N.M. at 396, 796 P.2d at 617 ("The scope of Section 31–11–6 is essentially identical to that of Rule 5–802.").

{22} In sum, we hold that an inmate may not resort to Section 31–11–6, and by extension Section 34–5–8(A)(4), when the relief sought can be obtained directly by writ of habeas corpus. The flip side of this proposition is that a habeas petitioner is not required to first seek relief via a post-conviction remedy motion before seeking a writ of habeas corpus. Thus, having properly granted certiorari, we now consider the merits of Cummings's claim.

### C. Cummings's Ineffective Assistance of Counsel Claim Is Without Merit

{23} The district court did not err in dismissing Cummings's ineffective assistance of counsel claim without a hearing because that claim, as pled, is without merit. Cummings first asserted that his counsel was ineffective for failing to raise the defense of impossibility since the person he sent the images to was not actually a child. However, "criminal liability for attempt is appropriate when the defendant has done everything in his power to commit the crime but did not complete the crime due to a factual impossibility." *State v. Cearley,* 2004–NMCA–079,

¶ 22, 135 N.M. 710, 92 P.3d 1284 (citing *State v. Lopez,* 100 N.M. 291, 292, 669 P.2d 1086, 1087 (1983)). Cummings also asserted that his counsel was ineffective for failing to argue that the district court lacked subject-matter jurisdiction since he was in Texas at the time he sent the images that were received in New Mexico. This argument, too, lacks merit. *See State v. Jones,* 39 N.M. 395, 399–400, 48 P.2d 403, 405–06 (1935) (holding that defendants could be convicted of bribery in New Mexico even though the actual transaction occurred in Texas since defendants attempted to obstruct justice in New Mexico); *see also People v. Ruppenthal,* 331 Ill. App.3d 916, 265 Ill.Dec. 43, 771 N.E.2d 1002, 1008 (2002) (finding proper jurisdiction in a solicitation of sexual contact of a minor case since "Illinois has a valid public interest in protecting minor children . . . from individuals who seek underage sexual partners using the Internet"); *State v. Backlund,* 672 N.W.2d 431, 436 (N.D.2003) (stating in a child luring case that "a person who, while outside this state, solicits criminal action within this state and is thereafter found in this state may be prosecuted under [this state's] law").

### D. Cummings's Right to Vote Cannot be Restored by Writ of Habeas Corpus

{24} In his petition for certiorari, Cummings alleges that the district court wrongly informed the county clerk that he was a convicted felon, and was thus wrongly denied the right to vote. The State now concedes Cummings is not a convicted felon and that sending his name to the voter registration section of the county clerk's office was erroneous.

{25} Yet, while the scope of relief afforded by a writ of habeas corpus has expanded over time, *see generally Lopez v. LeMaster,* 2003–NMSC–003, ¶¶ 13–15, 133 N.M. 59, 61 P.3d 185, it is not a one-stop shop for a prisoner's grievances. The writ is to be used when a petitioner is alleging that his or her

> custody or restraint is, or will be, in violation of the constitution or laws of the State of New Mexico or of the United States;

that the district court was without jurisdiction to impose such sentence; that the sentence was illegal or in excess of the maximum authorized by law or is otherwise subject to collateral attack.

Rule 5–802(A). Being denied the right to vote is not part of a defendant's felony conviction and sentence. It is simply a collateral consequence of that conviction and sentence. *See* N.M. Const. art. VII, § 1; NMSA 1978, § 31–13–1(A) (2005). Moreover, being denied the right to vote, even if the deprivation is wrongful, does not subject a person to custody or restraint. Cummings is not alleging that his underlying conviction and sentence is illegal or that he is being denied a right that would hasten his release from custody, but only that the district court made a clerical error, which wrongly denied him the right to vote. Relief for such an error cannot be had by way of a writ of habeas corpus. *Cf. Canfield v. Bradshaw*, No. 3:05 CV 2343, 2007 WL 397019, at *6 (N.D.Ohio 2007) (holding that a habeas corpus petition was not a valid avenue for seeking a determination that the petitioner was erroneously classified as a sexual predator). Therefore, we dismiss this case and affirm the district court's denial of the writ.

{26} Although we deny the writ, we take this opportunity to note that we question the district court's conclusion that Cummings is first required to exhaust his administrative remedies pursuant to Section 33–2–11(B) before requesting relief in district court. The Corrections Department has the power and duty to "inquire into all matters connected with the government, discipline and police of the corrections facilities and the punishment and treatment of the prisoners." § 33–2–11(A). Requiring a prisoner to exhaust internal grievance procedures ensures that the Department has been given a full opportunity to undertake such an inquiry. Yet Cummings's allegation has nothing to do with the correctional facilities where he is housed, nor does it have anything to do with his punishment and treatment. Cummings is alleging that the *clerk of the court* wrongly denied him the right to vote, not the Corrections Department. Forcing Cummings to pursue an administrative remedy would be futile simply because there is no administrative remedy for what he seeks.

{27} Also, by dismissing this case we do not suggest that Cummings may not find relief. *See* NMSA 1978, § 44–6–14 (1975) (providing that the purpose of the Declaratory Judgment Act "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and is to be liberally construed and administered"). As noted above, the State now concedes that purging Petitioner from the county's voter registration roll was erroneous. Given this concession, we see no reason why the resolution of this matter requires further litigation.

## III. CONCLUSION

{28} Reviewing the district court's denial of Cummings's habeas petition by certiorari is a proper exercise of our original jurisdiction over habeas matters. Sections 31–11–6 and 34–5–8(A)(4) are inapposite because Cummings is not motioning for a post-conviction remedy. As for the merits of the case, we affirm the district court and deny Cummings a writ of habeas corpus.

{29} **IT IS SO ORDERED.**

WE CONCUR: PATRICIO M. SERNA, PETRA JIMENEZ MAES, RICHARD C. BOSSON, Justices, and PAMELA B. MINZNER, Justice (not participating).