This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40795**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ANTHONY GALLEGOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raul Torrez, Attorney General
Santa Fe, NM

for Appellee

Arlon L. Stoker
Farmington, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

### BACKGROUND

**{2}**     Defendant pled guilty to one count of sexual exploitation of children (distribution), contrary to NMSA 1978, Section 30-6A-3(C) (2016), [RP 212-18] reserving the right to challenge jurisdiction. [RP 214] Insofar as Defendant pled to the offense, the operative facts are undisputed. Defendant admitted that he distributed child pornography through the internet from his residence in Durango, Colorado to a resident of New Mexico. [BIC 7] That individual reported her receipt of the material to New Mexico authorities, prompting the underlying investigation and criminal prosecution. [BIC 5, 7] Defendant moved to dismiss, theorizing his physical presence in Colorado at all relevant times, as well as the pendency of charges in Colorado based on the same incident, precluded New Mexico from exercising jurisdiction. [BIC 6; RP 145-51] The district court denied the motion. [RP 189-90] Both arguments are renewed on appeal. [BIC 7-15]

## STANDARD OF REVIEW

**{3}**     "Determining whether the district court properly exercised its jurisdiction is a question of law that we review de novo." *State v. Barraza*, 2011-NMCA-111, ¶ 5, 267 P.3d 815. Similarly, Defendant's challenge to his successive prosecutions is subject to de novo review. *See State v. Haskins*, 2008-NMCA-086, ¶ 15, 144 N.M. 287, 186 P.3d 916 (observing that double jeopardy guarantees protect against successive prosecutions and multiple punishments for the same offense, and relative to such issues, we apply de novo review).

## DISCUSSION

### I.     Territorial Jurisdiction

**{4}**     "[A] criminal charge must have been committed within the territorial reach of the court for it to have authority (i.e., jurisdiction) to try the case." *State v. Allen*, 2014-NMCA-111, ¶ 10, 336 P.3d 1007. Defendant contends that insofar as he was physically present in Colorado at all relevant times, he cannot be convicted in New Mexico. [BIC 8-12, 14-15] We disagree.

**{5}**     As we explained in *Allen*, the principles of law governing the territorial jurisdiction of the state have evolved over time. *Id.* ¶¶ 15-17. Under the strict historical approach, a state court had jurisdiction only over crimes that occurred entirely within that state's boundaries; if any essential element occurred in another state, neither state possessed jurisdiction over the criminal offense. *Id.* ¶ 15. However, the United States Supreme Court subsequently expanded the limits of strict territorial jurisdiction, such that if a crime has a detrimental effect in a state, that state has territorial jurisdiction to prosecute the perpetrator notwithstanding the fact that the acts were committed entirely within another state. *Id.* ¶ 16.

**{6}**     The district court properly applied this well-established authority to the matter at hand, finding and concluding that insofar as Defendant's act of distributing child pornography caused detrimental impact within New Mexico, where the illicit material was received, this State has jurisdiction to prosecute. [RP 189]

**{7}**     We understand Defendant to contend that a different result should be reached in this case because the Sexual Exploitation of Children Act does not contain language making clear the full extent of the State's authority to prosecute. [BIC 9-11] However, as we observed in *Allen*, the operative principles do not turn upon the existence of a specific legislative enactment that encompasses the detrimental effects theory. *Id.* ¶ 18. To the contrary, those principles provide the basis for New Mexico's exercise of jurisdiction even in the absence of such legislation. *Id.*

**{8}**     Significantly, the New Mexico Supreme Court has rejected a challenge to the jurisdiction of the courts of this State under highly analogous circumstances. In *Cummings v. State*, 2007-NMSC-048, ¶ 23, 142 N.M. 656, 168 P.3d 1080, the defendant advanced a claim of ineffective assistance based upon counsel's failure to challenge the district court's subject matter jurisdiction in light of the fact that he was in Texas at the time he sent images that were received in New Mexico. The New Mexico Supreme Court summarily rejected the argument as entirely lacking merit. *Id.* Although Defendant suggests that this aspect of the *Cummings* decision should be regarded as "mere dicta," [BIC 14] it is consistent with the authorities discussed above. As such, we regard it as reflective of the operative principles of law, and indicative of the appropriate outcome in this case. We therefore reject Defendant's argument and uphold the district court's determination.

## II.     Dual Sovereignty

**{9}**     We further understand Defendant to renew his argument that his conviction should be overturned on grounds that he has already been convicted and sentenced for the same acts in Colorado. [BIC 6, 12-15; RP 150]

**{10}**    This issue is controlled by the dual sovereignty doctrine, which reflects the common-law conception of crime as an offense against the sovereignty of the government. *State v. Glascock*, 2008-NMCA-006, ¶ 23, 143 N.M. 328, 176 P.3d 317. Therefore, when a single act violates the laws of two sovereigns, two distinct offenses have been committed. *Id.*

**{11}**    The New Mexico Supreme Court explicitly adopted the dual sovereignty doctrine in the case of *State v. Rogers*, 1977-NMSC-057, ¶ 7, 90 N.M. 604, 566 P.2d 1142. "Accordingly, where a defendant's conduct amounts to the commission of a criminal offense within the geographical authority of more than one sovereign, each sovereign may prosecute regardless of what the other has done." *Glascock*, 2008-NMCA-006, ¶ 24 (internal quotation marks and citation omitted).

**{12}**    "[T]he dual sovereignty doctrine applies to all cases in which multiple sovereigns have a legitimate interest in pursuing prosecutions, including cases in which defendants are prosecuted in more than one state." *Id.* ¶ 25. This is dispositive of Defendant's challenge.

**{13}**  In closing, we observe that authority addressing jurisdictional limitations pertaining to sex offender registration and enforcement efforts in Indian Country [BIC 12] is not applicable to the situation at hand. Similarly, we reject Defendant's suggestion that the existence of a statute in Colorado, which might have barred prosecution there if Defendant's conviction in New Mexico had preceded it, should preclude subsequent prosecution in this state. [BIC 13] The adoption of any such reciprocal statutory provision would be a matter for the Legislature.

**CONCLUSION**

**{14}**  In light of the foregoing considerations, we affirm.

**{15}**  **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**