2008-NMSC-021

183 P.3d 145

Andrew MARTINEZ, Petitioner–
Appellant,

v.

Hon. Richard G. CHAVEZ,
Respondent–Appellee.

Ethel Trujillo, Petitioner,

v.

Hon. Richard G. Chavez, Respondent.

City of Las Cruces, Plaintiff–Appellant,

v.

Robert Kirkpatrick, Defendant–Appellee.

Nos. 30,194, 30,216, 30,325.

Supreme Court of New Mexico.

Dec. 5, 2007.

John Bigelow, Chief Public Defender, Karl Erich Martell, Assistant Appellate Defender, Santa Fe, NM, for Appellant in No. 30,194.

Renee Barela–Gutierrez, Taos, NM, for Appellee in No. 30,194.

Shannon Law Office, Jeffrey Alan Shannon, Taos, NM, for Petitioner.

Renee Barela–Gutierrez, Taos, NM, for Respondent.

Jared Abrams, Las Cruces, NM, for Appellant in No. 30,325.

Lilley Law Offices, Marc A. Lilley, Las Cruces, NM, for Appellee in No. 30,325.

## OPINION

PER CURIAM.

{1} These cases come to us because the Court of Appeals construed each case as an appeal from a habeas corpus proceeding and entered transfer orders on the basis that this Court has exclusive jurisdiction over such appeals. *See Cummings v. State*, 2007–NMSC–048, ¶ 1, 142 N.M. 656, 168 P.3d 1080 (reaffirming that the Supreme Court has jurisdiction over the review of habeas corpus proceedings); *see also* NMSA 1978, § 34–5–10 (1966) (providing for the transfer of misfiled appeals to the proper appellate court). For the reasons that follow, we conclude that the Court of Appeals erred in construing these cases as habeas corpus proceedings subject to transfer to this Court. Although the Court of Appeals' transfer orders purport to be a final determination of jurisdiction under Section 34–5–10, we exercise our inherent constitutional power of supervisory control over the Court of Appeals to reverse its erroneous determinations of appellate jurisdiction and remand these cases for further proceedings in the Court of Appeals.

## I. PROCEDURAL BACKGROUND

{2} Before discussing the propriety of the Court of Appeals' transfer orders, a brief procedural summary of these cases is necessary.

### A. *Martinez* and *Trujillo*

{3} These cases have virtually identical procedural histories. Both cases originated in the Eighth Judicial District Court, asking the district court to vacate each Petitioner's Taos municipal court DWI conviction because the plea procedure used by the municipal court judge was invalid. The district court agreed that the plea procedures used by the municipal court judge were invalid. Accordingly, the district court vacated each Petitioner's convictions and remanded each matter to the municipal court for a new trial.

{4} Despite their apparent success in the district court, each Petitioner immediately appealed the district court's order to the Court of Appeals, raising a number of issues: (1) challenging the manner in which the district court conducted the hearing; (2) contending that the charges should have been dismissed because of due process violations resulting from prosecutorial misconduct; and (3) maintaining that remand for a new trial would violate the Petitioners' rights to be free from double jeopardy. The Court of Appeals issued a notice of proposed summary disposition in *Martinez*, proposing to affirm because (1) any defects in the district court hearing did not prejudice Petitioner; (2) any due process violations that may have occurred due to prosecutorial misconduct did not rise to a level of egregiousness that would warrant dismissal; and (3) remand under these circumstances would not amount to a double jeopardy violation. Petitioner filed a memorandum in opposition to the Court of Appeals' notice of proposed disposition, raising the possibility that the district court had not given a final order remanding to the municipal court for a new trial. Instead of addressing Petitioner's finality argument, the Court of Appeals issued an order transferring the entire case to this Court in the belief that Petitioner was actually seeking

habeas corpus relief from the district court. Accordingly, the Court of Appeals concluded that appellate review of the district court's decision was within this Court's appellate jurisdiction pursuant to Rules 12–102(A)(3) and 5–802(H) NMRA. The Court of Appeals therefore transferred the appeal to this Court pursuant to Section 34-5-10. The Court of Appeals took the same approach with Petitioner Trujillo's appeal, except that the Court of Appeals immediately transferred the case to this Court without issuing a notice of proposed summary disposition.

## B. *Kirkpatrick*

{5} Defendant Kirkpatrick was originally convicted in Las Cruces municipal court on March 30, 2006, and then timely appealed to the district court on April 14, 2006 for a trial de novo. However, neither Defendant nor his attorney appeared for the de novo trial in district court, so Defendant's appeal was dismissed on June 7, 2006. After learning of the dismissal and obtaining new counsel, Defendant moved to set aside the dismissal on October 12, 2006, based on ineffective assistance of counsel. Persuaded by Defendant's argument, the district court set aside the dismissal on February 5, 2007, but certified the decision for interlocutory appeal. The City filed a timely application for interlocutory appeal with the Court of Appeals on February 14, 2007, and the Court of Appeals subsequently transferred the application to this Court, construing the district court's order as the granting of habeas corpus relief.

## II. A HABEAS CORPUS PROCEEDING PURSUANT TO RULE 5–802 NMRA IS NOT THE EXCLUSIVE MEANS FOR OBTAINING POST–CONVICTION RELIEF

{6} As reflected above, none of these cases were initiated in district court with the filing of an explicit petition for a writ of habeas corpus as contemplated by Rule 5–802. Nevertheless, because the substance of the pleadings filed in district court requested post-conviction relief, the Court of Appeals concluded that the proceedings in district court were governed by Rule 5–802. *See Smith v. State*, 79 N.M. 450, 452, 444 P.2d 961, 963 (1968) (noting that a collateral attack on a conviction is a post-conviction remedy that is substantially equivalent to a habeas corpus petition). As such, the Court of Appeals believed that any appellate review of the district court's action must be by this Court. *See* Rules 12–102(A)(3) and 5–802(H).

{7} While the Court of Appeals transfer orders are premised on the assumption that Rule 5–802 is the exclusive means for seeking post-conviction relief, the Court of Appeals has previously recognized that Rule 5–802 is not the exclusive means for seeking post-conviction relief. *See State v. Peppers*, 110 N.M. 393, 395, 796 P.2d 614, 616 (Ct.App. 1990) (holding that Rule 5–802 is not the exclusive means for seeking post-conviction relief). This principle, though focused on post-conviction motions for new trial and modification of a sentence, was recently reaffirmed by this Court in *Cummings*, 2007–NMSC–048, ¶ 21, 142 N.M. 656, 168 P.3d 1080. Even though *Peppers* did not need to decide whether requests for post-conviction relief in the form of petitions for extraordinary writs, such as mandamus or prohibition, were preempted by Rule 5–802, *see Peppers*, 110 N.M. at 395 n. 1, 796 P.2d at 616 n. 1, other case law suggests that a petition for an extraordinary writ, like mandamus, may be an alternative to a petition for a writ of habeas corpus under Rule 5–802. *See Martinez v. State*, 110 N.M. 357, 358–59, 796 P.2d 250, 251–52 (Ct.App.1990) (recognizing that a petition for a writ of habeas corpus may also be construed as a petition for a writ of mandamus arising from claim of failure to give credit toward sentence while incarcerated during pendency of appeal). In light of the foregoing, and for the reasons that follow, we conclude that the Court of Appeals incorrectly transferred *Martinez*, *Trujillo*, and *Kirkpatrick*.

## A. *Martinez* and *Trujillo*

{8} In *Martinez* and *Trujillo*, the petitions filed in district court specifically requested three different types of extraordinary writs: superintending control, prohibition, and mandamus. As noted above, *Peppers* suggests that petitions for extraordinary writs other than habeas corpus are not

preempted by Rule 5–802. *See Peppers,* 110 N.M. at 395 n. 1, 796 P.2d at 616 n. 1. We agree, and therefore conclude that the Court of Appeals erred in determining that Petitioners' request necessarily sought relief under Rule 5–802. Indeed, given the specific requests for relief in the petitions filed in the district court by Petitioners Martinez and Trujillo, the district courts' actions must be viewed as flowing from their power to issue writs of superintending control and mandamus to the municipal courts. *See* N.M. Const. art. VI, § 13 (granting the district court supervisory control over inferior courts and the power to issue extraordinary writs in the exercise of its jurisdiction). As such, appellate review of those district court actions properly lies in the Court of Appeals. *See Martinez,* 110 N.M. at 359, 796 P.2d at 252 (suggesting that Court of Appeals would have appellate jurisdiction over denial of writ of *mandamus* involving post-conviction proceeding unless sentence of life or death was involved); *see also State ex rel. Whitehead v. Vescovi–Dial,* 1997–NMCA–126, ¶ 2, 124 N.M. 375, 950 P.2d 818 (noting jurisdiction over direct appeal from the issuance of a peremptory writ of mandamus compelling magistrate court to conduct a preliminary hearing). Accordingly, we hold that the Court of Appeals erred in transferring *Martinez* and *Trujillo* to this Court.

## B. *Kirkpatrick*

{9} In *Kirkpatrick,* Defendant was essentially seeking to pursue his right to a de novo appeal to the district court, despite ineffective assistance of counsel that led to the initial dismissal of his appeal in district court. The Court of Appeals, in a formal opinion, recently extended the conclusive presumption of ineffective assistance of counsel for untimely appeals, first recognized for appeals from district court in *State v. Duran,* 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct.App. 1986), to de novo appeals from magistrate court to district court. *See State v. Eger,* 2007–NMCA–039, ¶ 2, 141 N.M. 379, 155 P.3d 784. While this case is slightly distinguishable from *Duran* and *Eger* because Defendant Kirkpatrick's notice of appeal was timely filed, his appeal was nevertheless initially dismissed because, through counsel's incom-

petence, Defendant failed to pursue his appeal in a timely manner by failing to appear for the de novo trial. *See* Rule 6–703(L) NMRA ("The district court shall try a trial de novo appeal within six (6) months after the filing of the notice of appeal. Any appeal pending in the district court six (6) months after the filing of the notice of appeal without disposition shall be dismissed and the cause remanded to the magistrate court for enforcement of its judgment.").

■ {10} As discussed earlier, the district court ultimately reinstated Defendant's appeal because the dismissal was due to ineffective assistance of counsel. In essence, the district court applied the presumption of *Duran* and *Eger,* allowing Defendant's de novo appeal to go forward in the district court without the need for Defendant to first file a habeas petition to establish his counsel's ineffectiveness. *See Peppers,* 110 N.M. at 398, 796 P.2d at 619 (noting that the conclusive presumption in *Duran* was created because "the question of ineffectiveness of counsel could be litigated for years in habeas corpus proceedings, with the likely result that an untimely appeal ultimately would be permitted"). However, recognizing the novelty of the situation, the district court certified the matter for an interlocutory appeal from the decision by the State to reinstate Defendant's appeal.

{11} Upon receipt of the State's application for interlocutory appeal, the Court of Appeals construed what the district court had done as a grant of habeas corpus relief. As such, the Court of Appeals concluded that jurisdiction over an interlocutory appeal of that decision would be in this Court. However, if this case is treated like *Duran* and *Eger,* then, as in those cases, the Court of Appeals would have jurisdiction to consider the merits of the appeal. In short, the Court of Appeals erred in construing the district court's action as a grant of habeas corpus relief because, like *Duran* and *Eger,* the district court's action obviated the need for Defendant to seek post-conviction relief in the first place. We therefore hold that the Court of Appeals erred in transferring this case because it has jurisdiction over the State's interlocutory appeal.

## III. A TRANSFER BY THE COURT OF APPEALS UNDER SECTION 34–5–10 IS NOT A FINAL DETERMINATION OF JURISDICTION EXEMPT FROM REVIEW BY THE SUPREME COURT

**■** {12} Having concluded that appellate jurisdiction over *Martinez, Trujillo,* and *Kirkpatrick* is in the Court of Appeals, this Court must now decide whether it may reverse the jurisdictional determinations embodied in the Court of Appeals transfer orders despite the language in Section 34–5–10, which provides in part that "[a]ny transfer under this section is a final determination of jurisdiction." While there are several reported cases that cite to Section 34–5–10 as the basis for this Court's jurisdiction, those cases simply note that the appeal was transferred under the statutory authority of Section 34–5–10 without further discussion. *See, e.g., State v. Brown,* 1999–NMSC–004, ¶ 7, 126 N.M. 642, 974 P.2d 136 (noting that the Court of Appeals properly transferred the case under Section 34–5–10 because the Supreme Court has exclusive jurisdiction over the review of Rule 5–802 proceedings). As a result, such cases cannot be relied on to suggest that a Court of Appeals jurisdictional determination and resulting transfer under Section 34–5–10 is exempt from Supreme Court review. *See State v. Erickson K.,* 2002–NMCA–058, ¶ 20, 132 N.M. 258, 46 P.3d 1258 ("It is well established that cases are not authority for propositions not considered.") (internal quotation marks omitted). For the reasons that follow, we now clarify that this Court has the authority to remand erroneously transferred cases to the Court of Appeals for resolution on the merits, Section 34–5–10 notwithstanding.

{13} Article VI, section 3 of the New Mexico Constitution gives the Supreme Court the power of superintending control over all inferior courts and the "power to issue writs ... necessary or proper for the complete exercise of its jurisdiction and to hear and determine the same." Moreover, this Court has recognized, inherent within the statute granting appellate jurisdiction to this Court, the notion that the Court of Appeals and its decisions are inherently subject to review by the Supreme Court. *See Alexander v. Delgado,* 84 N.M. 717, 718, 507 P.2d 778, 779 (1973). In light of these principles, we conclude that this Court has the inherent constitutional and statutory authority to remand *Martinez, Trujillo,* and *Kirkpatrick* back to the Court of Appeals, even though they were transferred pursuant to that Court's ostensible authority to make a final determination of jurisdiction under Section 34–5–10. To do otherwise would mean that the Court of Appeals could erroneously transfer cases to this Court, even if this Court subsequently determines that the Court of Appeals' rationale for transfer was incorrect. Even if Section 34–5–10 was intended to accomplish such a result, such a statutory framework would be in all likelihood unconstitutional.

> It would be utterly impossible for this court to live up to its responsibilities and to properly and expeditiously handle the matters which come before it on appeal and otherwise, if the Legislature could determine and define the nature of the appellate process, establish the procedures to be followed in that process and fix time limitations within which this court must act.

*Ammerman v. Hubbard Broad., Inc.,* 89 N.M. 307, 313, 551 P.2d 1354, 1360 (1976).

> This court has a superintending control over all inferior courts as well as jurisdiction and power to issue writs of certiorari. New Mexico Constitution Art. VI, § 3. This constitutional power and jurisdiction carries with it the power to regulate pleading, practice and procedure in inferior courts and the circumstances under which such writs, including writs of certiorari, may issue.

*Alexander,* 84 N.M. at 718, 507 P.2d at 779. Nonetheless, we need not decide the constitutionality of the "final determination of jurisdiction" provision in Section 34–5–10 because, as noted above, the legislature has provided this Court with inherent authority to review the decisions of the Court of Appeals under NMSA 1978, Section 34–5–14(B) (1972). Accordingly, because we have already concluded that these cases were erroneously transferred by the Court of Appeals, we also hold that this Court can and must reverse the transfer orders in these cases.

**6**

## IV. WHEN AN APPEAL IS MISFILED IN THE COURT OF APPEALS, TRANSFER RATHER THAN DISMISSAL IS THE APPROPRIATE DISPOSITION

{14} Although we conclude that the Court of Appeals erroneously construed these cases as appeals from habeas corpus proceedings, and consequently erred in transferring the cases to this Court, we recognize the difficult task that the Court of Appeals often faces when confronted with a case filed as a direct appeal from post-conviction proceedings that may or may not be properly construed as a habeas corpus proceeding. We also recognize the valuable role the Court of Appeals plays in carefully screening such cases to determine where appellate jurisdiction lies. *See Smith v. City of Santa Fe*, 2007–NMSC–055, ¶ 10, 142 N.M. 786, 171 P.3d 300 ("Indeed, it is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them."); *see also Rice v. Gonzales*, 79 N.M. 377, 378, 444 P.2d 288, 289 (1968); *Mimbres Valley Irrigation Co. v. Salopek*, 2006–NMCA–093, ¶ 9, 140 N.M. 168, 140 P.3d 1117. We note that in *Peppers*, the Court of Appeals appeared to endorse the approach of dismissing cases that the Court of Appeals construes to be more properly reviewed within the framework of a habeas corpus proceeding. 110 N.M. at 398, 796 P.2d at 619 (declining to transfer habeas issues raised in Court of Appeals because Section 34–5–10 only authorizes the transfer of appeals and does not mention Rule 12–501 petitions, and because, as a practical matter, the defendant can still seek review in the Supreme Court by filing a petition for writ of certiorari seeking review of the Court of Appeals' decision). We therefore take this opportunity to clarify the appropriate method for disposing of misfiled appeals from district court habeas corpus proceedings and endorse the Court of Appeals' current practice of transferring such cases directly to this Court.

{15} From a case processing standpoint, we note that it may be more efficient for the Court of Appeals to dismiss rather than transfer a case because, when transferred, our Clerk of Court must ensure that the documents transferred to this Court conform to the requirements of Rule 12–501 and, if not, take steps to require the filing of conforming documents. But from the standpoint of hearing cases on their merits, we believe it is more desirable for the Court of Appeals to transfer true habeas cases to this Court because, otherwise, it is unlikely that a timely petition could be filed in this Court after the Court of Appeals dismisses a habeas case incorrectly appealed to that Court. Although *Peppers* suggested that the litigant could still seek review from this Court by filing a petition for writ of certiorari to the Court of Appeals, such a review by this Court would be limited to whether the Court of Appeals made the correct jurisdictional determination. If it did, then this Court would not reach the merits of the litigant's habeas claim. In light of the foregoing considerations, and given that determining the correct procedure to follow can be difficult for attorneys and pro se litigants alike, we encourage the Court of Appeals to continue the practice of transferring true habeas cases to this Court to ensure that the merits of the litigant's habeas claim can be heard in properly transferred cases. Of course, for the reasons stated above, these cases were not misfiled, and therefore should not have been transferred.

## V. CONCLUSION

{16} To summarize, we hold that the Court of Appeals incorrectly classified *Martinez, Trujillo,* and *Kirkpatrick* as cases seeking review of a district court habeas corpus proceeding. Accordingly, we reverse the Court of Appeals' transfer orders in those cases and remand them to the Court of Appeals for further consideration. In so doing, we express no opinion regarding the merits or finality of the appeals in *Martinez* and *Trujillo,* nor do we express an opinion regarding the merits of the application for interlocutory appeal in *Kirkpatrick.*

{17} **IT IS SO ORDERED.**