2008-NMCA-071

184 P.3d 1060

**Andrew MARTINEZ, Petitioner–Appellant,**

v.

**Honorable Richard C. CHAVEZ, Respondent–Appellee.**

**No. 26,935.**

Court of Appeals of New Mexico.

Feb. 26, 2008.

Certiorari Denied, No. 30,998, April 3, 2008.

John Bigelow, Chief Public Defender, Karl Erich Martell, Assistant Appellate Defender, Santa Fe, NM, Shannon Law Office, Jeffrey Alan Shannon, Taos, NM, for Appellant.

Renee Barela Guiterrez, Taos, NM, for Appellee.

## OPINION

ALARID, Judge.

{1} This case comes to us by order of remand from our Supreme Court. The Supreme Court issued a per curiam opinion holding that this Court "incorrectly classified" this case as "seeking review of a district court habeas corpus proceeding." *See Martinez v. Chavez*, 2008-NMSC-021, ¶ 16, 144 N.M. 1, 183 P.3d 145 (2007). The Supreme Court reversed our transfer order and remanded to us for further consideration. In this opinion, we briefly discuss our criteria for deciding when a case should be transferred to the Supreme Court. As for the merits of Defendant's arguments on appeal, we affirm.

## BACKGROUND

{2} Defendant was arrested on January 21, 2006, for Driving While Intoxicated (DWI) and selling or giving alcohol to minors. On January 25, 2006, Defendant signed a Waiver of Appointed Attorney (Waiver) and was found guilty of the charges. Defendant was sentenced to 179 days in jail with 177 days suspended. Defendant was also given six months probation, and ordered to fulfill other obligations in connection with his convictions.

{3} On April 13, 2006, Defendant filed with the district court a "Verified Petition for Writ of Superintending Control or Writ of Supervisory Control and Petition for Writ of Prohibition and for Writ of Mandamus" (Petition). Since Defendant had been convicted and sentenced on January 25, the filing of his Petition was outside the fifteen-day time limit for appeal to the district court provided by

NMSA 1978, § 35–15–1(B) (1969). At the time the Petition was filed, Defendant had served the two days in jail that were not suspended, but was still serving his probation.

{4} In the Petition, Defendant argued that he was never advised about the right to counsel; the right against self-incrimination; the right to confront, cross-examine or compel the attendance of witnesses; or the right to appeal. Defendant claimed that, prior to the entry of the convictions, he had not read the Waiver and the Waiver had not been read or explained to him. Therefore, Defendant argued, the convictions were not entered based on a knowing, intelligent, or voluntary waiver of rights. Defendant asked the district court to prohibit the municipal court judge from "carrying out the sentence imposed" and to order the municipal court judge to vacate his convictions. The district court found that the Waiver was defective on its face, and Defendant did not make a knowing, intelligent and voluntary waiver of his right to counsel. The district court found that the convictions were not valid and should be vacated. Finally, the district court ordered that the matter be reset for trial in the municipal court at which Defendant would be represented by counsel.

{5} Defendant appealed to this Court. In his docketing statement, Defendant raised issues regarding the proceedings in the district court. In addition, Defendant argued that the charges against him should have been dismissed with prejudice, and that he cannot be retried on the charges because he had served his jail sentence and retrial would violate his double jeopardy rights. We issued a calendar notice proposing to affirm the district court's decision. We did not address Defendant's claims with respect to the proceedings in the district court because Defendant received the relief he sought— vacation of his convictions. As for Defendant's double jeopardy claims, the calendar notice relied on *County of Los Alamos v. Tapia*, 109 N.M. 736, 790 P.2d 1017 (1990), for the proposition that when convictions are vacated based on an error in the trial proceedings, as opposed to evidentiary insufficiency, double jeopardy does not bar retrial

of the defendant. *Id.* 109 N.M. at 740–44, 790 P.2d at 1021–25.

{6} In response to our calendar notice, we received a memorandum in opposition. Defendant raised an issue regarding the finality of the judgment appealed, and also argued again that the actions of the municipal judge and prosecutor were so egregious that his convictions should be dismissed with prejudice. Because we decided to transfer the case to the Supreme Court, we did not address the arguments in the memorandum in opposition. In our transfer order, we explained that we viewed Defendant's Petition as a collateral attack on his convictions and the sentence he had partially served. The Supreme Court subsequently returned the case to us based on its determination that we had incorrectly classified it as an appeal from a habeas corpus proceeding. *See Martinez*, 2008–NMSC–021, ¶ 16.

## DISCUSSION

### Habeas Corpus and This Case

{7} Generally, where a final conviction is being attacked in a collateral proceeding, it is considered a habeas corpus proceeding. *See* Rule 5–802 NMRA. Habeas corpus protects an individual's basic right of freedom from illegal restraint. *See Caristo v. Sullivan*, 112 N.M. 623, 628, 818 P.2d 401, 406 (1991). Our Supreme Court has recognized that almost all post-conviction requests for relief are, in substance, petitions for habeas corpus relief, with the only exceptions being motions for new trial or for modification of a sentence. *Cummings v. State*, 2007–NMSC–048, ¶ 21, 142 N.M. 656, 168 P.3d 1080 (explaining that "Rule 5–802 trumps Section 31–11–6 to the extent that statute is construed as providing a remedy identical to that which can be obtained by writ of habeas corpus" and that the only two situations that are not preempted by Rule 5–802 and should be categorized as other forms of post-conviction relief are those involving motions for new trial or to modify a sentence).

{8} In this case, based on the substance of Defendant's Petition, he was not seeking a new trial or a modification of his sentence. Despite the title of Defendant's Petition, the substance of the Petition filed in the district court was that the convictions

could not stand because the Waiver was not signed voluntarily, and therefore, Defendant's constitutional right to counsel was violated. We read Defendant's Petition as claiming that the sentence imposed for his convictions was in violation of the constitution of the United States, or of the constitution or laws of New Mexico or was otherwise subject to collateral attack. Rule 5–802 NMRA. Our Supreme Court has determined, however, that the particular circumstances in this case are not to be categorized as habeas corpus proceedings. Therefore, as directed by the Supreme Court, we will resolve this case, although we are uncertain how the district court proceeding in this case should be categorized. In future cases, however, as the Supreme Court has directed, we will continue to examine the substance of the pleadings filed below to determine whether the request for post-conviction relief asks for a remedy that is in the nature of habeas corpus. As the Supreme Court decided in *Cummings,* review of district court decisions made in such actions is appropriately in the Supreme Court by way of a petition for writ of certiorari, rather than by appeal to this Court. 2007–NMSC–048, ¶¶ 9, 15.

**Merits**

■ {9} Defendant argues, pursuant to *State v. Franklin,* 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer,* 103 N.M. 655, 658–59, 712 P.2d 1, 4–5 (Ct.App.1985), that the finality of the decision of the district court "may be debatable." As explained by Defendant, an order remanding a case to a lower court is ordinarily considered to be non-final for purposes of appeal because the case has not ended. *See State v. Ahasteen,* 1998–NMCA–158, ¶ 11, 126 N.M. 238, 968 P.2d 328. However, under the doctrine of "practical finality," we will review an order of remand if the issue(s) on appeal would not, as a practical matter, otherwise be able to be reviewed. *Id.* ¶ 12. In this case, Defendant's primary arguments are that his convictions should have been vacated with prejudice so that he would not be subject to retrial on the same charges, and that retrial would violate his right to be free from double jeopardy. The district court determined that Defendant's convictions would be vacated but

that he must be retried on the charges. Defendant must be allowed to appeal that decision now, in order to protect his right to be free from a retrial that could violate double jeopardy. *See State v. Apodaca,* 1997–NMCA–051, ¶¶ 15–17, 123 N.M. 372, 940 P.2d 478 (discussing double jeopardy protections and the inability to protect a defendant from being forced to undergo a second trial for the same offense once the second trial has taken place). Under the doctrine of "practical finality," therefore, the district court's decision in this case is final for purposes of appeal.

■ {10} Defendant contends that he should not be retried because the actions of the municipal court judge and the prosecutor were so egregious that the charges should instead be dismissed with prejudice as a sanction. As our Supreme Court held in *State v. Breit,* 1996–NMSC–067, 122 N.M. 655, 930 P.2d 792, retrial is barred under the double jeopardy clause

> when improper official conduct is so unfairly prejudicial to the defendant that it cannot be cured by means short of a mistrial or a motion for a new trial, and … the official knows that the conduct is improper and prejudicial, and … the official either intends to provoke a mistrial or acts in willful disregard of the resulting mistrial, retrial, or reversal.

*Id.* ¶ 32. In *Breit,* the prosecutor engaged in misconduct from his opening statement to the motion for new trial after the case had ended. *Id.* ¶¶ 41–44. The prosecutor engaged in relentless attempts to inflame the jury with irrelevant comments, impermissible allegations, exaggerated claims, improper argument, use of sarcasm and scorn and belligerent remarks to opposing counsel, implied threats to opposing counsel, eye-rolling and sneering, accusations of perjury and fabrication, comments on the veracity of witnesses, and other highly prejudicial verbal and non-verbal behaviors. *Id.*

{11} The "egregious" conduct referred to by Defendant in this case is that the municipal judge routinely had defendants sign waivers of counsel regardless of whether counsel was actually available. Unlike the situation in *Breit,* the conduct of the municipal judge

and the prosecutor in this case was not so unfairly prejudicial as to warrant dismissal of the charges. Although Defendant also alleges that misconduct occurred in the district court, the district court granted Defendant the relief that he requested. Therefore, to the extent that the assertions of misconduct in the district court amounted to error, Defendant did not suffer any prejudice.

{12} We affirm the district court's decision to vacate Defendant's convictions and remand the case to the municipal court for a new trial.

{13} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and CYNTHIA A. FRY, Judges.