MAES, Justice (concurring in part and dissenting in part). {30} I agree with the majority that Anthony Tafoya (Defendant) did not waive his claim challenging the district court’s sentencing jurisdiction and, therefore, I concur in part III of the majority opinion. However, I disagree with the majority that the district court has the discretion under the Earned Meritorious Deductions Act (EMDA), NMSA 1978, Section 33-2-34 (2006), to award good time credit eligibility to serious youthful offenders convicted of first degree murder. Accordingly, I respectfully dissent from parts IV and V of the majority opinion. {31} I begin my analysis with the EMDA, which establishes “a detailed set of guidelines for both the courts and the corrections department to administer in the ultimate determination of a prisoner’s eligibility for good time reductions from his period of confinement.” State v. Rudolfo, 2008-NMSC-036, ¶ 35, 144 N.M. 305, 187 P.3d 170. These guidelines can be broken down into two general categories. “The first relates to the differing limits on the good time that may be awarded for various types of offenses of conviction, and the second relates to the respective roles of the judiciary and the executive in administering the various guidelines.” Id. {32} Under the EMDA, the district court has no discretion whatsoever with respect to the good time credit eligibility of defendants convicted of a serious violent offense or a nonviolent offense, or defendants sentenced to serve a sentence of life imprisonment or death. Section 33-2-34(G), (L)(3), (L)(4)(a)(n); see Rudolfo, 2008-NMSC-036, ¶ 37, 144 N.M. 305, 187 P.3d 170 (holding that “the sentencing court has no discretion whatsoever” with respect to the good time credit eligibility of a defendant convicted of a serious violent offense); State v. McDonald, 2004-NMSC-033, ¶ 23, 136 N.M. 417, 99 P.3d 667 (holding that the district court lacks discretion to limit the good time credit eligibility of a defendant convicted of a nonviolent offense); State v. Loretto, 2006-NMCA-142, ¶ 9, 140 N.M. 705, 147 P.3d 1138 (same). Under the plain language of the EMDA, such defendants are limited to a maximum of four, thirty, or zero days of good time credit eligibility per month, respectively, regardless of whether the defendant is an adult offender, a youthful offender, or a serious youthful offender. Section 33-2-34(A)(l) (providing for a maximum of four days per month of good time credit eligibility for a serious violent offense); Section 33-2-34(A)(2) (providing for a maximum of thirty days per month of good time credit eligibility for a nonviolent offense); Section 33-2-34(G) (“The provisions of this section shall not be interpreted as providing eligibility to earn meritorious deductions from a sentence of life imprisonment or a sentence of death.”). {33} The EMDA only grants the district court discretion in a very limited context. Under Section 32-3-34(L)(o), fifteen enumerated offenses, which otherwise would be categorized as nonviolent offenses, may be treated as serious violent offenses “when the nature of the offense and the resulting harm are such that the court judges the crime to be a serious violent offense for the purpose of [the EMDA].” “The courts have no further role in the administration of the EMDA or in determining the amount of good time that may be earned as to any convicted offense.” Rudolfo, 2008-NMSC-036, ¶ 37, 144 N.M. 305, 187 P.3d 170 (emphasis added); see also State v. Solano, 2009-NMCA-098, ¶ 7, 146 N.M. 831, 215 P.3d 769 (“Our Supreme Court has explained that the judiciary has no role in the administration of the EMDA apart from exercising discretion to determine whether the nature of the offense and the resulting harm in a particular factual context justify categorizing the offense as a serious violent offense.” (internal quotation marks and citation omitted)), cert. denied, 2009-NMCERT-007, 147 N.M. 363, 223 P.3d 360. As this Court previously has observed, the computation of good time credits is exclusively an administrative responsibility, entrusted to the corrections department. Rudolfo, 2008-NMSC-036, ¶ 37, 144 N.M. 305, 187 P.3d 170; State v. Aqui, 104 N.M. 345, 348, 721 P.2d 771, 774 (1986), limited in part on other grounds by Brooks v. Shanks, 118 N.M. 716, 719-20, 885 P.2d 637, 640-41 (1994). {34} With this background in mind, I turn to the question presented on appeal, namely, whether the district court properly awarded Defendant four days of good time credit eligibility per month. Defendant was convicted as a serious youthful offender of first degree murder. The crime of first degree murder is not listed as a serious violent offense in Section 33-2-34(L)(4)(a)-(n), or an offense which the district court may, in its discretion, treat as a serious violent offense under Section 32-3-34(L)o). Defendant’s good time credit eligibility therefore depends upon whether the crime of first degree murder is a nonviolent offense, for which Defendant may earn a maximum of thirty days per month, or whether Defendant is serving a sentence of life imprisonment, which renders him ineligible to accrue any good time credits at all. {35} Like the majority, I have no trouble concluding that first degree murder is not a nonviolent offense for the purposes of the EMDA. First degree murder is a capital felony “reserved for the most heinous and reprehensible [of killings], and therefore deserving of the most serious punishment under this state’s law.” State v. Adonis, 2008-NMSC-059, ¶ 15, 145 N.M. 102, 194 P.3d 717 (internal quotation marks and citation omitted); see NMSA 1978, § 30-2-1(A) (1994); NMSA 1978, § 31-18-14 (1993, prior to 2009 amendments). Classifying this inherently violent offense as a nonviolent offense under the EMDA “would be absurd, unreasonable, [and] contrary to the spirit of the statute.” State v. Smith, 2004-NMSC-032, ¶ 10, 136 N.M. 372, 98 P.3d 1022. Although the purpose of the EMDA is to foster “inmate discipline and cooperation,” “the Legislature intended that only inmates convicted of noncapital crimes receive the benefit of good-time credits.” Compton v. Lytle, 2003-NMSC-031, ¶¶ 19, 22, 134 N.M. 586, 81 P.3d 39. For inmates convicted of capital crimes and sentenced to life imprisonment, the Legislature “explicitly concluded that the benefits of good-time credits has been outweighed by the benefits of imprisonment for a specific period of time.” Id. ¶ 22. {36} In drafting the EMDA, it is unlikely that the Legislature “considered, or even foresaw” how the statute would apply to a serious youthful offender convicted of a capital crime, but sentenced to less than life imprisonment, the mandatory term for an adult. State v. Trujillo, 2002-NMSC-005, ¶ 9, 131 N.M. 709, 42 P.3d 814 (construing the term “life imprisonment” in Article VI, Section 2 of the New Mexico Constitution and Rule 12-102(A)(1) NMRA to include “serious youthful offenders] convicted of first-degree murder but sentenced to less than life imprisonment”). In such a “rare case,” id., the term “life imprisonment” in Section 33-2-34(G) is ambiguous and, therefore, this Court must “resort to well-accepted rules of statutory construction, always striving to ‘select the rationale that most likely accomplishes the legislative purpose — or best fills a void not addressed by the Legislature,”’ Wilson v. Denver, 1998-NMSC-016, ¶ 36, 125 N.M. 308, 961 P.2d 153 (quoting State v. Anaya, 1997-NMSC-010, ¶ 29, 123 N.M. 14, 933 P.2d 223). In light of the district court’s limited role in administering the EMDA and the Legislature’s intent to exclude defendants convicted of capital crimes from the purview of the statute, I would conclude that serious youthful offenders convicted of capital crimes, but sentenced to less than the mandatory term for an adult, receive a “sentence of life imprisonment” within the meaning of Section 33-2-34(G) and, therefore, are not “eligible] to earn meritorious deductions.” Section 33-2-34(G). Accordingly, I would reverse the judgment of the district court awarding Defendant four days of good time credit eligibility per month. {37} Trujillo does not dictate a contrary result. In that ease, although the defendant was a serious youthful offender sentenced to thirty years of imprisonment, the district court expressed its “intention that the Defendant be eligible for good time credit as to the sentence imposed.” Trujillo, 2002-NMSC-005, ¶ 7, 131 N.M. 709, 42 P.3d 814 (internal quotation marks omitted). On appeal to this Court, the defendant challenged the constitutionality of his sentence, claiming that “his thirty year sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article II, Section 13 of the New Mexico Constitution.” Id. ¶ 64. We noted that “[i]t is rare that a term of incarceration, ‘which has been authorized by the Legislature, will be found to be excessively long or inherently cruel.’ ” Id. ¶ 66 (quoting State v. Augustus, 97 N.M. 100, 101, 637 P.2d 50, 51 (1981)). Because there was sufficient evidence to support the defendant’s convictions, we concluded that “a thirty year sentence with the opportunity for good time was authorized by statute and not constitutionally disproportionate to the crimes.” Id. {38} In Trujillo, the defendant did not claim that his sentence was “illegal as not authorized under the applicable statute.” Id. ¶ 64 n. 4. Accordingly, this Court simply assumed that the defendant’s sentence was authorized by law, without any analysis of the EMDA or the district court’s authority to award good time credits. Under these circumstances, no reasonable inferences can be drawn regarding the scope of the EMDA or the Legislature’s failure to amend the statute in response to our opinion. See Martinez v. Chavez, 2008-NMSC-021, ¶ 12, 144 N.M. 1, 183 P.3d 145 (filed 2007) (“ ‘It is well established that cases are not authority for propositions not considered.’” (quoting State v. Erickson K., 2002-NMCA-058, ¶ 20, 132 N.M. 258, 46 P.3d 1258)); Garcia v. Schneider, Inc., 105 N.M. 234, 237, 731 P.2d 377, 380 (Ct.App.1986) (“ ‘[Legislative inaction has been called a ‘weak reed upon which to lean’ and a ‘poor beacon to follow' in construing a statute.’ ” (quoting 2A Norman J. Singer, Sutherland Statutory Construction § 49.10 (Sands 4th ed. 1984))). {39} I recognize that the district court has broad discretion under the Criminal Sentencing Act (CSA), NMSA 1978, Sections 31-18-12 to -26 (1977, as amended through 2009), to fashion an appropriate sentence for serious youthful offenders. Indeed, in this case, the district court exercised its broad discretionary sentencing authority by sentencing Defendant to twenty, rather than thirty, years of imprisonment for the crime of first degree murder. However, good time credits “have no bearing upon the ... original sentence imposed by the district court.” Aqui 104 N.M. at 348, 721 P.2d at 774. This is because such credits do not alter the original sentence but, rather, simply “affect[] the amount of time by which [a] defendant through his own good conduct could decrease his sentence.” Solano, 2009-NMCA-098, ¶ 14, 146 N.M. 831, 215 P.3d 769 (internal quotation marks and citation omitted); see also State v. Schoonmaker, 2008-NMSC-010, ¶ 53, 143 N.M. 373, 176 P.3d 1105 (“Limiting a defendant’s ability to earn meritorious deductions does not result in punishment beyond that which has been statutorily established for the offense.”); State v. Montoya, 2005-NMCA-078, ¶ 14, 137 N.M. 713, 114 P.3d 393 (noting that “the effect of the EMDA is not to change anything with regard to any maximum sentence”). Because good time credits affect the execution of a defendant’s sentence, rather than the sentence itself, the district court’s broad discretionary sentencing authority under the CSA is inapplicable to the EMDA. Aqui 104 N.M. at 348, 721 P.2d at 774. However, the district court may, in determining the appropriate sentence for a serious youthful offender convicted of a capital crime, consider the defendant’s inability to shorten his or her original sentence by accruing good time credits under the EMDA. {40} The majority may be correct that permitting the district court to grant good time credit eligibility to serious youthful offenders under the EMDA would further the public policy of rehabilitation. However, “it is the particular domain of the legislature, as the voice of the people, to make public policy.... Courts should make policy ... only when the body politic has not spoken____” Benavidez v. Sierra Blanca Motors, 122 N.M. 209, 214, 922 P.2d 1205, 1210 (1996) (quoting Torres v. State, 119 N.M. 609, 612, 894 P.2d 386, 389 (1995)). The Legislature has spoken regarding a capital defendant’s good time credit eligibility under the EMDA and, therefore, this Court is powerless to “question the wisdom, policy, or justness of legislation.” Madrid v. St. Joseph Hosp., 1996-NMSC-064, ¶ 10, 122 N.M. 524, 928 P.2d 250; see also Compton, 2003-NMSC-031, ¶ 22, 134 N.M. 586, 81 P.3d 39. {41} Defendant claims that any ambiguity in the EMDA must be construed in his favor pursuant to the rule of lenity and, therefore, he is entitled to thirty days of good time credit eligibility per month. The rule of “lenity is reserved for those situations in which a reasonable doubt persists about a statute’s intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute.” State v. Ogden, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994) (internal quotation marks and citation omitted). Neither the possibility of a narrower construction of a statute, nor a division of judicial authority, support the application of the rule of lenity. Id. at 242-43, 880 P.2d at 853-54. For the reasons previously explained, the EMDA’s language and structure, as well as the motivating policies of the statute, support my conclusion that good time credit eligibility is limited to “inmates convicted of noncapital crimes.” Compton, 2003-NMSC-031, ¶ 19, 134 N.M. 586, 81 P.3d 39. Accordingly, the rule of lenity is inapplicable to this case. {42} In light of my conclusion that the district court exceeded its statutory authority to administer the EMDA, I need not reach Defendant’s separation of powers claim. With respect to Defendant’s equal protection claim, I agree with Defendant that all serious youthful offenders convicted of capital crimes are similarly situated under the EMDA and, therefore, must receive the same amount of good time credit eligibility per month. However, I would conclude that such serious youthful offenders’ good time credit eligibility is limited to zero days under the EMDA and that any award in excess of zero days violates the statute. Lastly, Defendant’s due process claim lacks merit because a criminal defendant does “not have a liberty interest in keeping erroneously granted good-time credits.” Compton, 2003-NMSC-031, ¶ 24, 134 N.M. 586, 81 P.3d 39 (holding that the removal of erroneously granted good time credits does not violate a defendant’s right to due process of law). {43} As a serious youthful offender convicted of a capital crime, I believe that Defendant was ineligible to earn any good time credits under the EMDA. Accordingly, I respectfully dissent from parts IV and V the majority opinion.