This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 32,300**

**DAVID WARNER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

David Warner
Ruidoso, NM

Pro se Appellant

## MEMORANDUM OPINION

**CASTILLO, Chief Judge.**

Defendant appeals from the district court's order remanding the case back to the magistrate court for disposition based on the passing of the six-month time limitation for holding a de novo trial. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a motion to quash a bench warrant, a motion for stay, and a memorandum in opposition to our notice. We have considered both motions and the response to our notice. We remain unpersuaded that the district court erred by dismissing his case and deny Defendant's motion to quash the bench warrant and his motion for a stay.

**Memorandum in Opposition**

Our notice proposed to affirm on the grounds that, based on the presumption of correctness we employ in the absence of a complete factual recitation of the proceedings below and based on what we could glean from the record, Rule 6-703(L) NMRA (effective until August 3, 2012) seemed to permit the district court's dismissal of Defendant's appeal.

We note that Subsections L and M of Rule 6-703, upon which the district court and this Court relied, were repealed by amendment effective August 3, 2012, for all cases filed or pending, and the rule now requires that de novo appeals follow the Rules of Criminal Procedure for the district court. Because the district court was governed by the former Rule 6-703 at the time of its ruling dismissing the appeal for violation

of the time limitation under the rule, the former version of Rule 6-703 controls this case. *See State v. Martinez*, 2011-NMSC-010, ¶ 7, 149 N.M. 370, 249 P.3d 82 (describing the prospective application of a rule change as "the norm" and stating that "[i]n the criminal context, better practice usually demands that rule changes apply prospectively in cases where district courts have already applied a previous version of a rule"); *see also N.M. Mining Comm'n v. United Nuclear Corp.*, 2002-NMCA-108, ¶ 4, 133 N.M. 8, 57 P.3d 862 (indicating that when applying a rule to a pending case, the rule change only applies to a case pending in the tribunal that will be affected by the rule change or will have the benefit of the rule change at the time it makes its ruling).

In response to our notice, Defendant contends that we did not state what rules Defendant failed to comply with in drafting his docketing statement and argues that he did provide this Court with sufficient information. [MIO 2] To the contrary, we informed Defendant that he violated Rule 12-208(D)(3) NMRA and explained that included in the rule's requirement to provide us all the information material to his appellate issues is the requirement that Defendant provide us with all the facts that support the district court's ruling. *Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984). We explained that the failure to comply with the rule could result in contempt sanctions or affirmance and that we need not even review an

3

undeveloped issue. *See id.*; *State v. Chamberlain*, 109 N.M. 173, 176, 783 P.2d 483, 486 (Ct. App. 1989); *see also Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that an appellate court need not review an undeveloped argument). The docketing statement failed to address the grounds upon which the district court ruled. Nevertheless, this Court reviewed the record to discover the grounds for the district court's ruling and, based on our review of the record and presuming all predicate facts were appropriately found, we proposed to hold that Rule 6-703(L) permitted the district court's dismissal. *See* Rule 6-703(L) ("The time for trial in the district court on a de novo appeal shall be within six (6) months after the filing of the notice of appeal . . . [,]" and upon the expiration of that time limit, the appeal may be dismissed.).

Defendant's memorandum in opposition complains that case law suggests that the appellate courts do not search the record on their own to find error. [MIO 2-3] Defendant is correct that we avoid doing so and, indeed, we have not searched the record in an effort to find error. We discovered the grounds upon which the district court ruled, discovered facts that support the ruling, and presumed correctness.

Defendant further complains that our review of the record was not of the whole record and highlighted only matters favorable to the prosecution. [MIO 3] This approach is appropriate, however, under the presumption of correctness and applicable

4

standard of review where there is a deficient record or, in this case, a deficient docketing statement. *See State v. Rojo*, 1999-NMSC-001 ¶ 53, 126 N.M. 438, 971 P.2d 829 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [district] court's judgment." (internal quotation marks and citation omitted)); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error).

Also in response to our notice, Defendant asserts that he was not responsible for the delays in reaching disposition in the de novo trial, given the resetting of trial dates and judge recusals. [MIO 1-2] As we indicated in our notice, it is incumbent upon the appellant to pursue his or her appeal in a timely manner, *see Martinez v. Chavez*, 2008-NMSC-021, ¶ 9, 144 N.M. 1, 183 P.3d 145, and if the de novo appeal is "not timely tried, the appeal must be dismissed." *State v. Heinsen*, 2005-NMSC-035, ¶ 2, 138 N.M. 441, 121 P.3d 1040; *see* Rule 6-703(L) and (M). We also observed that there is no indication in the record there was any extension of time to reach disposition in district court as provided by Rule 6-703(M): "The time limit specified in Paragraph L of this rule may be extended one time for a period not exceeding ninety (90) days upon a showing of good cause to a justice of the Supreme

Court." Defendant does not contend in his response that he obtained an extension of time and does not give us any indication why he did not need to obtain one.

For the reasons stated above and in our notice, we affirm the district court's dismissal of his appeal.

**Motion to Quash Bench Warrant and Motion for Stay**

Defendant has filed a motion to quash a bench warrant that was issued on August 15, 2012. This is a matter for the court that issued the bench warrant, not this Court. Defendant asserts that this Court has supervisory jurisdiction. [Motion 2] To the contrary, this Court has appellate jurisdiction only. We are a court of record, and Defendant's motion involves a matter not of record. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."). The relief Defendant seeks must be ruled upon by the trial court in the first instance.

Defendant also has filed a motion for stay in this Court, which is addressed to the district and magistrate courts as well. Again, Defendant seeks relief that can be provided only by the court enforcing the judgment Defendant wants to avoid. *See* Rule 12-205 NMRA; Rule 12-207 NMRA.

As set forth above, the district court's order of remand for imposition of sentence is affirmed and Defendant's motions are hereby denied.

6

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**