This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                  NO.  33,460

**RABBI Y'HOSHUA COHEN,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Rabbi Y'houshua Cohen
Alto, NM

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant, self-represented, seeks to appeal from the district court's order dismissing his appeal and refusing to hold a de novo trial under Rule 5-826 NMRA.

We issued a notice of proposed summary disposition, proposing to dismiss for lack of a timely notice of appeal. Defendant has filed a memorandum in opposition to our notice. We have considered Defendant's response. Defendant did not seek reconsideration of the dismissal and did not otherwise develop a record to support the contentions in his response. For the reasons discussed below, we are not persuaded that Defendant has substantially complied with the requirements of our Rules of Appellate Procedure to perfect his appeal. Nor are we persuaded that the record shows that the untimeliness of Defendant's appeal was caused by court error. Nor are we persuaded to extend the presumption of ineffective assistance of counsel to the circumstances. We dismiss for lack of a timely notice of appeal.

{2}     In response to our notice, Defendant contends that he substantially complied with Rule 12-202(A) NMRA because he sent an electronic copy of the notice of appeal to two email addresses of the district court judge on December 8, 2013, and he mailed, emailed, and faxed a copy of the notice of appeal to the district court clerk. [MIO 2] The Rules of Appellate Procedure state that the appellant shall file a notice of appeal with the district court clerk within thirty days of the district court's entry of its final judgment. *See* Rule 12-201(A)(2) NMRA; Rule 12-202(A). In the current case, the district court's final order was filed on November 8, 2013. [RP 38] Thus, the notice of appeal should have been filed with the district court clerk by Monday,

December 9, 2013. *See* Rule 12-308(A) NMRA (stating in relevant part that when computing time for filing, the last day is included "unless it is a Saturday, Sunday or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days").

{3} There is no evidence in the record that Defendant filed or sent a timely copy of the notice of appeal to the district court clerk. The notice of appeal in the record represents that Defendant sent the notice of appeal on December 8, 2013, not to the district court clerk, but to the Court of Appeals, the Attorney General, the Public Defender, two email addresses of the district court judge, and the District Attorney. [RP 47] We note that the district court file-stamp indicates that the notice of appeal was filed on December 20, 2013. [RP 46-47] We further note that December 8, 2013, was a Sunday; thus, Defendant could not have mailed the notice of appeal on that day. Regardless, there is no indication that Defendant sent the notice of appeal at a time when he could have expected its timeliness.

{4} We also note that to properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time *and place* in which to file the notice of appeal. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94. Our appellate courts have held that filing the notice of appeal with the Clerk of the Court of Appeals rather than the district court clerk does not

substantially comply with Rule 12-201(A)(2), and it is not a mere technical defect. *See Lowe v. Bloom*, 1990-NMSC-069, ¶¶ 4-6, 110 N.M. 555, 798 P.2d 156. Nor it is a mere technical defect to mail the notice of appeal to a district court judge, rather than the district court clerk, even where it is timely mailed to the judge. *See id.* ¶ 5.

{5} In addition, Defendant's claim that the Rules of Criminal Procedure do not prohibit filing pleadings by email [MIO 1] is incorrect. Electronic filing in the Twelfth Judicial District has been implemented only for civil and probate cases. *See* LR12-101 NMRA.

{6} For these reasons, we are not persuaded by Defendant's contention that he substantially complied with the time and place requirements for filing a notice of appeal.

{7} Also in response to our notice, Defendant argues that court error caused the untimely filing of his notice of appeal. To the extent that Defendant argues that the district court clerk failed to timely file his notice of appeal, the record does not support Defendant's assertion that he filed the notice of appeal with the district court clerk in a timely manner, and Defendant does not direct us to such evidence. To the extent that Defendant argues that the district court clerk should have known of Defendant's correct address, the record does not support such a view. Defendant provided the district court with the address that the district court used in his notice of appeal to the

district court from the magistrate court's order and in his application for writs of habeas corpus or, alternatively, supervisory control. [RP 1, 28-34, 43] There is no change of address in the record, and Defendant does not direct this Court to any evidence suggesting that he alerted the district court to the change of his address. In fact, as we observed in the notice, the record contains a district court finding that "Defendant has failed to keep the Court apprised as to his whereabouts." [RP 38] Defendant does not make a prima facie showing that court error caused the delay, and without factual support we do not presume district court error. *See State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (holding that where the record is deficient on a claim of error, "every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [district] court's judgment" (internal quotation marks and citation omitted)).

{8} Lastly, Defendant argues that we should extend the presumption of ineffective assistance of counsel to his untimely notice of appeal based on his illness and because we held that ineffective assistance of counsel caused the untimely notice of appeal in *State v. Peppers*, 1990-NMCA-057, ¶¶ 1, 3, 21-22, 110 N.M. 393, 796 P.2d 614, where the defendant was unrepresented and filed an untimely notice of appeal from a no contest plea. [MIO 7-9] First, there is no record support for Defendant's contention that the untimely filing of his notice of appeal was caused by his illness

and was beyond his control. Second, the ineffective assistance of counsel in *Peppers* is not applicable to the current case. We observed in *Peppers* that defense counsel withdrew from representation the day after the motion to withdraw the plea, and the defendant told the district court that he wanted new counsel. *See id*. ¶ 3. The district court in *Peppers* failed to appoint new counsel "during a period of time that was critical with respect to assertion of his appellate rights." *Id*. ¶ 22. In the current case, Defendant was representing himself for the entire district court proceeding and on appeal. As explained in our notice, Defendant is not entitled to claim the ineffective assistance of his own counsel.

**{9}** For the reasons stated in this opinion and in our notice, we hold that Defendant filed an untimely notice of appeal and has not shown grounds that would justify deviation from our mandatory procedural rules for the proper invocation of this Court's jurisdiction.

**{10}** We again note that if Defendant wishes to pursue post-conviction relief, he may consider doing so by means other than this direct appeal. *See, e.g.*, *Martinez v. Chavez*, 2008-NMSC-021, ¶¶ 6-7, 144 N.M. 1, 183 P.3d 145 (explaining that there are various forms of post-conviction relief); *Peppers*, 1990-NMCA-057, ¶¶ 10-13 (explaining the various ways defendants may seek to challenge their convictions or sentences).

{11}    Based on the foregoing, we dismiss Defendant's appeal.

{12}    **IT IS SO ORDERED.**

                                           _____

                                           **J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**M. MONICA ZAMORA, Judge**